[No. 3835.]

LEIGHTON ET AL. v. BATES, COUNTY CLERK.

24  303
24  272
24  315
----
24  303
28   47

24  303
f36  437

1. ELECTIONS—REVIEW—PRACTICE.

The proper practice to invoke the jurisdiction of the supreme court to review judicial proceedings under the act of 1897 determining the validity of a certificate of nomination to office, is by motion on petition and notice.

2. SAME—JURISDICTION.

The decision of the filing officer as to formal matters in a certificate of nomination is final, but it is not so as to matters of substance. His decisions of the latter class are reviewable by lower courts, and when reviewed by a lower court in the manner prescribed by the statute, the decision of such lower court is final,—subject only to the power of the supreme court, in its discretion, to review summarily the judicial proceeding below.

3. SAME.

A review of such decisions in this court should, upon proper application, be entertained where the ruling objected to goes to the jurisdiction of the trial court concerning procedure, and the statutory remedy has been denied.

4. REVIEW—DEFINITION.

In ordinary signification, review means the judicial examination of the proceedings of a lower court by a higher.

5. SAME.

While a review is usually had upon the record only, it is not necessarily so limited, but may be so enlarged by explanatory words in the act

authorizing it as to embrace the taking of additional evidence or practically to involve a trial *de novo*. And in this sense is used the word review where it applies to the practice in the nisi prius courts. while as applied to this court it is used in its ordinary signification. If issues of fact are joined, evidence must be heard.

6. SAME.

The rule that an appellate court will not substitute its judgment in place of the finding of the trial court upon conflicting evidence is peculiarly applicable to election cases.

7. ELECTIONS—CONVENTIONS—POWER OF COMMITTEE.

A party convention sat two days, and on the first day it adopted a resolution empowering a committee to nominate a ticket, to nominate which it had assembled; on the second day, without expressly rescinding the resolution, it proceeded to nominate a full ticket and then adjourned *sine die*. *Held*, that the action of the convention on the second day was a revocation of the power delegated to the committee.

*Original Proceeding on Petition to Assume Jurisdiction under the Statute.*

Mr. J. M. JOHNSON and Mr. G. W. MUSSER, for petitioners.

Mr. G. M. IRWIN and Messrs. BROOKS & ARMIT, for respondent.

PER CURIAM. This proceeding is here upon a record certified up from the district court of El Paso county. So far as material to the only question properly presented therein, the facts are as follows:

The petitioners represent the nominees of a county ticket which claims to be the regular ticket of the People's party of El Paso county. Before the certificate of said nominations was filed with the county clerk, another one, also claiming to contain the regular nominees of that party, was filed. The petitioners made a protest against the filing of the latter, and against its certification upon the official ballot, which the clerk stated to be his purpose. This protest was decided against petitioners, whereupon they instituted these proceedings in the district court of El Paso county under the law of 1897 (Session Laws, 1897, p. 154) to restrain the

threatened acts of the county clerk, and to obtain an order requiring him to certify, upon the official ballot, the names of petitioners. The district court dismissed the petition, and affirmed the ruling of the county clerk.

To review this judgment is the object of petitioners here. They ask now that we take original jurisdiction of the matter, and enter a final judgment upon the merits. For various reasons, all of which need not now be mentioned, we decline to assume such jurisdiction. It is enough to say that the act does not purport to confer upon this court original jurisdiction. Though the statute does not provide for bringing such a case here by appeal, *certiorari*, writ of error, or in any particular manner, we think the proper way to invoke our appellate jurisdiction to review such proceedings below is by motion made on a petition filed, and giving notice thereof, which is what petitioners substantially have done. This is the practice to be observed. See *In re Cuddeback*, 39 N. Y. Supp. 338.

Whether, when the application is made, this court will exercise its appellate jurisdiction, or to what extent it will interfere, is another question. As will be seen from the citation hereinafter set forth, the statute makes the decision of the filing officer as to formal matters final, but not as to matters of substance. The latter are open to review by the county or district court; and when reviewed, in the manner provided by the act, the decision of such court thereupon is "final;" subject only to the power conferred upon this court, *in its own discretion* to review in a summary manner the judicial proceeding below.

It is not, perhaps, wise to attempt by general rule to specify in just what cases this appellate jurisdiction will be exercised. It is better to determine this from time to time as the cases come before us. It is sufficient, however, to say that it should be exercised in the case at bar. Unquestionably, the legislature meant to provide a speedy remedy, and when it declared that the decision of the trial courts having jurisdiction should be *final*, due and full effect should be given

to its direction. That cases might arise, however, which this court, in its discretion, ought to review, was foreseen and provided for in the act itself. Where, as in this case, the error of the trial court was one, not committed in the progress of the trial in accordance with what we hold to be the practice and procedure established by the special act, but was an error in altogether refusing to allow one of the parties to have his cause heard and his rights determined under the procedure therein provided, we ought to review the ruling complained of, not only in justice to the party objecting, but in order to settle the procedure, which seems to have been misconceived by several of the learned district judges of the state. In other words, a review in this court should be entertained where the ruling, objected to, goes to the very jurisdiction of the trial court concerning the method of procedure which it must pursue, and the statutory remedy has, by such ruling, been denied.

The decision of the district court was in part based upon the proposition, and proceeded upon the theory, that its jurisdiction, being a special statutory one, was, by the act conferring jurisdiction, strictly limited to a review of the case as made before the county clerk, and upon a certified copy of the proceedings before him; and that the court could not take any additional evidence, or try the case *de novo*. Hence it refused petitioners' offer to produce evidence in support of their case. As no evidence was heard by the county clerk, his ruling was affirmed.

The language of the act of 1897 is as follows:

"The officer with whom the original certificate is filed shall pass upon the validity of all objections, whether of form or substance, and his decision upon matters of form shall be final. His decisions upon matters of substance shall be open to review, if prompt application be made, as provided in section 20 of this act. But the remedy in all cases shall be summary, and the decision of any court having jurisdiction shall be final, and not subject to review by any other court, except that the supreme court may, in the exercise of its

discretion, review any such judicial proceeding in a summary way."

The meaning clearly is that, if prompt application is made therefor, the review in the district court shall be had *as provided in section 20* and the kind of review is to be determined from its provisions. Turning now to section 20, we find that the same, as originally enacted in 1891, was amended in 1894. Session Laws, 1894, p. 64. The addition then made is in substance as follows:

" Whenever any controversy shall arise between any official charged with any duty or function under this act, and any candidate, etc., * * * upon the filing of a petition by any such official or persons, * * * it shall be the duty of such court, or the judge thereof in vacation, to issue an order commanding the respondent in such petition to be and appear before the court or judge, and answer under oath to such petition; and it shall be the duty of the court or judge to summarily *hear and dispose of any such issues*, with a view of obtaining a substantial compliance with the provisions of this act by the parties to such controversy. * * * The provisions of this act shall be liberally construed, so as to carry out the intent of this act, and of political parties, nominees and others in proceedings under this act."

In its ordinary signification a " review " means " the judicial examination of the proceedings of a lower court by a higher." Webster's International Dictionary. It is " a reconsideration; second view or examination; * * * used especially of the examination of a cause by an appellate court." Black's Law Dictionary.

While a review is ordinarily had of the record only, and as made by the lower tribunal, yet it may not be so limited; but, on the contrary, because of accompanying or explanatory words, may be enlarged so as to embrace the taking of additional evidence, or practically to constitute a trial *de novo*. There would seem to be no question that the review in the trial courts contemplated by the act of 1897, was such as section 20 of the election act, as amended in 1894, provided; and

it is equally clear that section 20 contemplates the taking of evidence where the issues require it. If the issues joined are of fact, evidence must be heard. It is apparent that effect could not, in certain cases, be given to the election act, unless evidence was heard in the district court, and the case before us is an excellent illustration, for the reason that no testimony at all was heard by the county clerk.

In support of respondent's contention, we are cited to *In re Cuddeback, supra*. A section of the act there construed reads as follows:

"The supreme court or any justice thereof, within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review the determination and acts of such officer, and to make such order in the premises as justice may require."

The supreme court of that state held that, under this section, "courts and judges have no original jurisdiction in respect to the filing of certificates of nomination, the power vested in them being simply to 'review' the decisions of filing officer." In that statute, however, the word "review" was obviously used in its ordinary sense as a re-examination by an appellate tribunal of the proceedings of a subordinate one, and upon the record of the latter. The "determination and acts of such officer" are to be reviewed. But the review contemplated by our statute may, in addition, be in the nature of a trial *de novo*, if either of the parties desire it, and the controversy require it; as it involves the determination of *issues* both of law and fact raised in the pleadings filed for the first time in the trial court.

There is an additional point made by the respondent which, though not calling for a decision now, should not be unnoticed lest an improper inference be drawn from our silence. It is said that the ruling below should be affirmed, even though the court erred in refusing to hear evidence, because the petition is fatally defective, and the face of the record shows that petitioners' ticket is illegal. This being so, the petitioners are not in a position to question the decision of the

county clerk. The alleged defect in the petition is that fraud is charged only in general terms, the facts not being set up. The cause of action, however, is not based on fraud. If the clerk was mistaken as to his duty, and should have, under the law and the facts, sustained the protest of the petitioners, their petition was sufficient without these general allegations, which are but mere conclusions of the pleader, and may be disregarded as surplusage. The illegality of the ticket is said to consist in the fact that after the convention itself had nominated a full ticket, by resolution it appointed a committee to which it assumed to give authority also to nominate a ticket, and this committee nominated the ticket which is represented by petitioners; the point being that while a convention may, under section 3 of the election act of 1891, delegate to a committee the power to nominate a ticket, yet when the convention itself has made a ticket, it is then *functus officio*, so far as its power as to the ticket is concerned, unless it receive new and additional authority from its party; and it may not thereafter give to a committee power to do that which the convention itself no longer has power to do. To this is cited *People v. Board of Police Commrs.*, 31 N. Y. Supp. 112.

Whatever may be the law as to this contention, and whether or not the alleged error is such as comes within the scope of a review under this act, we think the question is not presented by this record. The alleged fact does not appear in the petition or any of the pleadings or any of the exhibits thereto. A copy, certified by the county clerk and purporting to be a true copy, of an instrument filed in his office, setting forth the doings of the convention and this committee, from which it is said the illegality of the petitioners' ticket is made to appear, is found among the files of this case in this court. Whether it was used in the district court or not, we have no means of knowing, as it is not certified to by the clerk of that court as a part of the record, nor is it incorporated in the bill of exceptions, or even certified to by the clerk of the district court as having been filed in his office. It is,

therefore, clear that our opinion, as to the point, should be withheld. Under proper issues this may, or may not, become a material question in the case in the court below, and if it is, the parties, both petitioners and respondent, may wish to be heard further as to the facts.

The judgment of dismissal should be set aside, because of the refusal of the district court to hear evidence. Its judgment is therefore reversed, and the cause remanded with instructions, if further proceedings are had, that they be in conformity to this decision.

*Reversed.*

Chief Justice Hayt not sitting.

### ON SUBSEQUENT HEARING.

PER CURIAM. When this case was remanded, in accordance with the foregoing opinion, the district court heard evidence, and at the close of petitioners' testimony rendered judgment for the respondent upon the latter's motion. Thereupon the petitioners again brought up the record for review, and as the evidence, set out in the bill of exceptions, was deemed too indefinite to warrant the conclusion reached by the trial court, we reversed the judgment and remanded the cause with instructions to take further evidence as to one specified issue only. This the district court did, again made findings of fact for the respondent, and gave judgment accordingly. It is in review of this last order that our judgment is now pronounced.

In the call for the convention it was provided, *inter alia*, that proxies from the precincts east of the mountains might be used. When the chairman of the central committee called the convention to order, he refused recognition to such proxies, and this ruling gave rise to a dispute between the two factions present, one of which upheld, and the other repudiated, the ruling. The result of the controversy finally led to a separation of the delegates into two conventions, known and designated in this record by the names of the re-

spective leaders, as the "Booth" and the "Brake" conventions. Which was the regular convention of the party is the point to be determined. Each derived its authority from the same call and from the same county central committee, and up to a certain time in the deliberations of what may be termed the original convention, no question was raised as to its regularity.

During the proceedings of this convention, however, the Brake delegates, as above indicated, left the original meeting place, repaired to another hall, held a convention, and nominated a ticket which the county clerk decided was entitled to appear upon the official ballot. The Booth delegates remained in the hall and nominated a ticket which is represented by the petitioners.

To the questions as to whether the Brake delegates were justified in leaving the meeting place designated in the call, and which convention contained a majority of the delegates legally elected to, and entitled to vote at, the original convention, the district court, under our direction, limited the parties in the production of evidence at the last trial. Upon this evidence, so produced, the district court made findings of fact in favor of the Brake convention, and the county clerk was ordered to certify upon the official ballot its ticket.

An examination of the record shows that these findings are supported by the evidence, and the district court specifically held that they were sustained by the preponderance of the testimony. Under the well-recognized rule of this court,—which is particularly applicable under this election act which makes the decision of the trial court final, subject only to review by this court in its discretion,—these findings cannot be disturbed. Upon this ground alone the judgment of the district court must be affirmed.

Since such controversies as this under this act arise in the interval between nominations and the election, the time for a review by this court is necessarily so limited that, if any

adequate relief is to be given to the parties, a summary disposition of the proceeding must be made, with but little time for reflection, or the examination of the record and the authorities.  Upon the second hearing before us, the record presented the question stated in the concluding part of the opinion handed down upon the first review; and counsel for the respondent then urged us to affirm the judgment upon the ground therein contended for.  Without precluding further investigation, we declined, at that time, to rest our determination solely upon the legal proposition, preferring to have before us the facts which would determine the integrity of the rival conventions, and, if it could be done, upon the merits of that issue rest the decision in whole or in part.

But upon this, the third, review we have had more time to examine the authorities; and, upon principle, and in the light of our statute, and in view of the proper functions of a convention, we are satisfied—aside from the finding of fact that the Brake convention contained the majority of the delegates—upon the law of the case applicable to the conceded facts pertaining to the nomination of the petitioners' ticket, that the same is not a legal ticket, and in no event entitled to certification upon the official ballot.

The convention under which petitioners claim was in session two days.  On the first day there was passed, in pursuance of section 3 of the election act of 1891, a resolution empowering a committee therein named to nominate the ticket for which the convention itself had assembled.  There was also passed a resolution directing the committee, in case of a fusion with other parties, to take from the ticket nominated by the convention the candidates that were to be assigned by the different fusion committees to the People's party, and place their names on the fusion ticket.

On the second day, without expressly rescinding either of the foregoing resolutions, the convention itself proceeded to nominate a full ticket.  It is apparent, however, that the convention thereby intended to repossess itself of the power

of nominating a ticket which it had, on the preceding day, delegated to a committee; for it voted down a motion to make the convention's nomination of a ticket advisory only to the committee. The convention adjourned *sine die*.

Thereafter the committee proceeded to construct a ticket under the foregoing delegated power—being an entirely different ticket from the convention ticket—and in the certificate of nomination filed by it with the county clerk there was a recital that the committee made these nominations by virtue of this delegated power, and no pretense, or claim, is made that it was merely filling vacancies. Indeed, there is an entire absence from the certificate of those recitals which section 15 of the election act makes imperative when a committee has filled a vacancy.

It is clear, therefore, that the committee was not assuming to fill vacancies, but, on the contrary, was professedly exercising, and intended to exercise, the same power with respect to the ticket which the convention itself possessed and exercised on the second day, and which the latter had, by resolution, attempted to delegate on the first day, but thereafter reclaimed for itself; and the district court so found upon the conceded facts. This action of the committee in nominating a ticket was without authority. When the convention on the second day, and before its final adjournment, nominated a ticket, this was a revocation of the power delegated on the preceding day to the committee. All the power of the convention in that direction was exhausted, and when the convention adjourned, it could not, without additional authority from the party, reconvene and nominate another ticket which would have any claim to regularity as against the ticket first nominated. Much less could it continue this power and vest it in a committee—mere agents. The most that can be said is that after the convention placed a ticket in the field, the only power left with the committee was that of filling vacancies, which was not attempted to be put in force.

Both upon facts and the law, the action of the district

court was correct, and the judgment is accordingly affirmed, and the county clerk directed to certify the nominations in accordance with this decision.

*Affirmed.*

Chief Justice Hayt not sitting.