Lybrook and Robertson, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 325.

LYNN ROBERTS, JR. *v.* STATE EX REL. JACKSON COUNTY BOARD OF COMMISSIONERS.

[No. 107A189. Filed February 8, 1972. Rehearing denied March 2, 1972. Transfer denied August 17, 1972.]

84

*John M. Lewis,* of Seymour, for appellant.

*Margarett S. Pardieck, Kenneth A. Layton, Montgomery, Elsner & Pardieck,* of Seymour, for appellees.

LOWDERMILK, J.—This action is for a mandate of the Auditor of Jackson County, Indiana, to make payment to Howard Cummings who was or had been the Deputy Surveyor of Jackson County, Indiana.

The duly elected, qualified and acting Surveyor, Edgar Lutes, had died and the County Commissioners requested Mr. Cummings to continue on and act as Deputy Surveyor until they could get a surveyor appointed to succeed Mr. Lutes. The office was held open and supervised by Cummings and this claim was filed for salary for the month of March, 1971. Time went on and nothing happened and he served the month of

April and a supplement was made to the first Paragraph of complaint asking for the salary for April, 1971, in addition to that of March of that year.

The complaint is in two Paragraphs; however, there was a stipulation that the second Paragraph of complaint is immaterial in this appeal. Appellant Roberts, as Auditor, filed an answer in two Paragraphs, the first in denial, and the second setting up the fact that the duly elected County Surveyor (one Edgar Lutes) died on or about March 3, 1971, and the appointment of a Deputy Surveyor (Howard Cummings) and that Cummings had no right to compensation as Deputy Surveyor on and after the death of his said principal (County Surveyor).

The cause was submitted to the court and a judgment on June 15, 1971, for the plaintiffs-appellees on Paragraph 1 of the complaint and the supplement thereto was rendered and reads, in part, as follows:

"ORDER

"This is to advise that the court made the following Entry/ ruling in the above entitled cause this date:

"The court now being advised hereby grants the relief sought in Paragraph 1 and its supplement thereto of plaintiff's action for mandate and hereby orders the Auditor of Jackson County to issue warrants to the Treasurer of Jackson County for the payment of the wages of Howard Cummings for the months of March and April, 1971. . . . (Judgment accordingly)"

Thereafter, the defendant-appellant timely filed his motion to correct errors which was overruled by the trial court on July 6, 1971, and which motion to correct errors reads as follows, to-wit:

"DEFENDANT'S MOTION TO CORRECT ERRORS

"Comes now the defendant, Lynn Roberts, Jr., as Auditor of Jackson County, and moves the Court pursuant to TR #59, to correct errors occuring in this cause prior to the filing of this motion as follows, to-wit:

"1. To alter, amend, modify or correct the purported judgment of the Court, dated June 15, 1971, on the issues of Paragraph I of plaintiff's complaint, and the supplement thereto, for the reason that such judgment was, and is, contrary to law for the following reasons, and each of them, to-wit:

"(a) That by the death of the duly elected County Surveyor, Edgar Lutes, the term of his deputy, Howard Cummings, also terminated, there being thereby a 'vacancy' in the office of County Surveyor, thus making the judgment under Par. I contrary to law;

"(b) That by the death of the duly elected County Surveyor prior to such time, as aforesaid, no lawful allowance could have been made for salary or wages of the said Howard Cummings, as Deputy County Surveyor, for the months of March and April, 1971, and a judgment of mandate thereon was, and is, thereby contrary to law.

"(c) That the claim for wages, by the said Howard Cummings, as so presented and which was the basis of the action both in Paragraph I and the supplement thereon, was not duly certified 'by the elected officer, head of the department' or by such authority 'as shall be designated by the elected officer' as required by Section 49-925, Burns Ind. Statutes (Vol 10, Pt 1, 1964 Replacement Vol), and thereby the mandate ordering the payment thereof is contrary to law.

"2. To set aside the purported judgment of June 15, 1971, for the reason that it was further contrary to law, in the following particulars, to-wit:

"(a) That while the Relator, Jackson County Board of Commissioners, may have had authority to employ Howard Cummings to remain in the office of the County Surveyor, until the vacancy created by the death of Edgar Lutes was filled, the Jackson County Board of Commissioners did not have the legal right to continue Howard Cumming's employment as a Deputy Surveyor, the payment for his services from funds allocated to deputies in the office of the County Surveyor, was, and is, unlawful and contrary to law.

"WHEREFORE, the Defendant, as aforesaid, prays,

"(1) That the Court now render substantial justice by setting aside its purported judgment of June 15, 1971, for the Relator on the issues of Paragraph I of the complaint, and the supplement thereto, and enter, in lieu thereof, judgment for the defendant on such issues, or,

"(2) That the Court otherwise alter, amend, modify or correct its judgment so that it will not be contrary to law; or

"(3) That the Court grant such other appropriate relief, or make relief subject to condition."

Defendant-appellant Roberts presents two questions in his argument. The argument is that defendant-appellant (Roberts) as Auditor contends that (1) when the County Surveyor died, there was a vacancy created in the office, and thereby, the tenure of the Deputy Surveyor was terminated, and (2) irrespective of the death of the County Surveyor, the appellant-defendant (Roberts as Auditor) could not pay such claims. The statutes of Indiana requires that all salary claims must be certified by the elected officer or head of the department, which, admittedly, was not done in this case.

Defendant-appellant cites IC 1971, 5-11-9-3, Ind. Stat. Ann. § 49-925 (Burns 1964) which reads, in part, as follows:

"Certification of said vouchers and accounts shall be made by the elected officer, head of the department . . . or by such authority or authorities in the office, department . . . as shall be designated by the elected officer, head of the department, . . ."

Appellant vigorously contends that the claim of Cummings for his wages for the two months was not duly certified "by the elected officer, head of the department" or by "such authority or authorities . . . as shall be designated by the elected officer, . . ." and further contends that due to the failure of this to be done the mandate of the Circuit Court ordering payment of the wages was contrary to law.

Defendant-appellant further argues IC 1971, 17-3-28-1, Ind. Stat. Ann. § 49-3006 (Burns 1971 Supp.) which provides, in part, as follows:

"When . . . in good faith, any auditor of any county in the state of Indiana, pursuant to the order or authority of the board of commissioners . . . shall have issued his warrant . . . then and in such event, no civil suit shall be maintained

against such county auditor . . . although such warrant shall have been drawn pursuant to some order of the board of commissioners or judgment of the court which is either void or voidable, . . ."

It is vigorously argued that the Auditor was aware that the vouchers for salary had not been so certified as ordered by the first statute cited by him, that the Auditor could not "in good faith" issue a warrant thereon, as in such event such Auditor could be held personally liable.

The second point of defendant-appellant's argument presented here is specification 1 (a) of the motion to correct errors which has heretofore been set out.

The argument that upon the death of Edgar Lutes, the duly elected and qualified County Surveyor, the term of the Deputy, Howard Cummings, also terminated, created a "vacancy" in the office of the County Surveyor and made the judgment under Paragraph 1 of the complaint contrary to law. It is further argued that under specification 1 (b) that the death of the duly elected County Surveyor prior to such time, as aforesaid, no lawful allowance could have been made for the said salary or wage of the said Howard Cummings, as Deputy County Surveyor, for the months of March and April, 1971, and a judgment of mandate thereon was, and is thereby contrary to law.

We must agree that by the death of Edgar Lutes, the term of his Deputy terminated. It is elementary that there can be no deputy without there first being a principal; the principal being the duly elected, qualified and acting official of the county and in this case, the County Surveyor.

In the case of *Hord* v. *State* (1907), 167 Ind. 622, 79 N. E. 916, 922, wherein the Attorney General of the state had employed counsel to collect certain accounts and the same could not be collected within the term of the then duly elected, qualified and acting Attorney General of the state, and the

attorney employed by him continued to collect in the new or successor Attorney General's term, then the question was presented as to whether or not he could collect for work for the successor Attorney General.

Our Supreme Court in passing on this question said:

". . . Or, in other words, the statute did not contemplate that such employment should continue until the work to be performed by the assistants was completed, although the completion thereof might extend long beyond the term of the Attorney-General making the appointment. . . ."

Our Supreme Court further said that the Attorney General at the time of his employment of the attorney to collect the bills was not invested with the power under the statute that he could appoint the attorney so that the appointment would carry over into the Attorney General's successor's term.

". . . Not having authority to continue the employment of appellant beyond his official term, no legal liability rests on the State to pay for the services rendered. . . ."

". . . The general and well affirmed rule is that, in the absence of some statutory provision to the contrary, the commission or appointment of a deputy officer runs or continues only during the term of the officer making the appointment. Of course, in the absence of a statute to the contrary, the principal has the right, at his pleasure, to remove his deputy. . . . The doctrine that the term of a deputy will expire at the close of the term of his principal is well affirmed in the following authorities: [Citing cases.]"

This court further agrees with defendant-appellant in the case of *Leal* v. *Jones* (1862), 19 Ind. 356, 358, wherein he cites: A vacancy is created ". . . by the death of the incumbent . . ."

We further agree with defendant-appellant that it is the law, as stated in *Davis* v. *State* (1923), 193 Ind. 650, 141 N. E. 458:

"We think it is a well-settled rule that all official acts done by the deputy should be done in the name of his principal."

We further agree with defendant-appellant that the deputy acts only in the name of his principal.

Plaintiffs-appellees contend in their argument that the first real issue received in the statement of issues was whether the ministerial functions of an office can continue upon the death of the duly elected office holder. They cite the Indiana Constitution, Article 15, § 3, which provides:

"Whenever it is provided in this constitution or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean, that such officer shall hold his office for such term, and until his successor shall have been elected and qualified."

In their argument the County Commissioners contend that an office should not cease to exist and the door be locked for an indefinite period of time because of the death of the duly elected, qualified and acting officer; and more especially, where there is a deputy who can continue with the ministerial duties of the office.

IC 1971, 5-6-1-1 Ind. Ann. Stat. § 49-501 (Burns 1964) provides, in substance that a deputy may be required to give bond for the proper and faithful discharge of his duties and that deputies are required to take the oath required of the officeholder.

This statute, in the opinion of this court, gives great impetus to the argument of plaintiffs-appellees in that the office should continue to be kept open. Although the deputy county surveyor was required to take oath for the faithful discharge of his duties, he was not required to give bond under the statute.

It is equally important that the office remain open for the general public and those needing the same in Jackson County, or any other county of the state, when the duly elected, qualified and acting Surveyor has passed away as it is when he is alive and conducting the business of the office. We may

compare that to the fact that the County Surveyor may have been ill for a period of a year and unable to get to the office and his deputy would have done all of his work and subscribed the Surveyor's name to all documents and the documents so subscribed would have had the same import and authority as had he been at the office and personally supervised the work.

In *Wells* v. *State of Indiana, ex rel. Peden* (1911), 175 Ind. 380, 384, 94 N. E. 321, our Supreme Court said:

"Persons who are appointed deputies under a statute are public officers . . . [Citing cases.]"

Under the stipulation of evidence in this cause Howard Cummings was not charged with having performed functions required of the officeholder, having handled public funds, or having exercised discretion on matters relating to the duties of the office of surveyor. There is no question that the claimant acted ably on the work he did so.

Plaintiffs-appellees further contend that this one office cannot be considered as an isolated instance, but that this same question is applicable to vacancies in every office on a county and local level which is not automatically filled by statute. With that contention we must agree. They further contend that the closing for an indefinite period would work hardship on the public and indeed have far reaching ramifications and that the law abhors a vacancy in an office and this is best evidenced by and based on the "holding over" provision in the Indiana Constitution, Article 15, § 3, hereinabove set forth.

As to the second issue, it is the contention of the plaintiffs-appellees that whether the Commissioners have a duty to provide help for the maintenance and continuation of the functions of a public office is to be determined by them as to what is, in their judgment, necessary. In this question they agree with the defendant-appellant that when the county surveyor dies, a vacancy is created in the office, and they

further agree that in the absence of an officeholder, the deputy cannot perform functions and do certain acts he would otherwise be able to do in the name of the officeholder. They further agree there cannot be maintained an agent-principal relationship, after the death of the officeholder.

It is stated in 56 Am. Jur. 2d, "Municipal Corporations", § 189, p. 240:

> "A board of county commissioners or supervisors is the representative or agent of the county, or as is sometimes expressed, its guardian, in the sense that it acts for the county in reference to the latter's property and finances, the making and enforcement of contracts, and *the transaction of county business generally* . . ." (Emphasis added.)

It is said:

> "A board of county commissioners may employ agents and servants as may be required for county purposes . . ." 7 I.L.E., "Counties," § 62, p. 310.

The above authority is that under which the County Commissioners contend they had the right to exercise discretion and the implied authority from the Indiana Constitution to appoint custodians, attorneys, architects, engineers, and such other persons as needed to render services for the county. If, in the Commissioners' opinion, it is in the best interests of the public to keep a public office open it would seem reasonable, according to the plaintiffs-appellees, that they have the implied power and the duty to do so.

They further admit that the maintenance of certain county functions would necessarily be limited to the ministerial jobs that would be performed without contravention of the statutes. The Commissioners contend that they are providing for the holding open of a public office until the officeholder to be named by the Commissioners qualifies and after qualifying can make his own appointments. They have the authority to appoint someone to do ministerial acts, and to keep the office open. This argument of the Commissioners is based, in our opinion, on good judgment and on IC 17-3-71-2, Ind. Stat. Ann. § 49-1002 (Burns 1971 Supp.) which provides that officers

may appoint deputies and other assistants as may be necessary for the proper discharge of the duties, and the number of such deputies and assistants shall be subject to the board of commissioners, both as to full and part time employment, and the board of commissioners shall make recommendations to the county council as to the amount of salary that each shall receive.

Article 6, § 9 of the Indiana Constitution provides:

"Vacancies in county, township and town offices, shall be filled in such manner as may be prescribed by law." IC 5-9-1-2, Ind. Stat. Ann. § 49-405 (Burns 1964) provides: "The board of county commissioners shall fill all (other) vacancies in county or township offices, except (justices of the peace and) such township or other offices the vacancies in which are otherwise provided for; and such appointment shall expire when a successor is elected and qualified, who shall be elected at the next general or township election, as the case may be, proper to elect such officers."

Although it is true that the County Commissioners were not empowered to run the County Surveyor's office, that office was provided for and was to be operated by the duly elected and qualified individual who is the choice of the people; the statutory and constitutional provisions lend great weight to the contention of the Commissioners that it was intended that they be more or less overseers of the county government and to avoid hardships or undue expenses to the people by being a general overseer or manager of the county government.

Plaintiffs-appellees admit that there is no law on the question presented here and we, frankly admit that we have been unable to find any and, of course, this is a question of first impression.

Firstly, we must state that the problem of filling the vacancy of the County Surveyor's office and the handling of the business in the interim of the vacancy is a problem which is necessarily to be borne by and taken care of by statute

duly enacted by the General Assembly. This is a legislative matter and this court abhors the courts' legislating. However, in the instant case in the absence of a statute on the question, we will necessarily pass upon the problems presented to us.

Therefore, considering the statutes, the Constitution, and the authority vested in the Commissioners and the further fact that Mr. Cummings was kept in the office by the Commissioners to do ministerial things and did not pretend to be the County Surveyor and was there at the request of the County Commissioners, we have determined that he was legally employed and rightly operating the office. He was an employee of Jackson County and as such employee he was entitled to be paid a fair wage or salary for the work he did.

In our opinion the fair wage would be the same salary which he was drawing before the death of Mr. Lutes, the County Surveyor.

We are of the further opinion that Mr. Cummings, pursuant to his employment by the Board of Commissioners of Jackson County, was, at least, a county employee, charged with ministerial duties and to keep the office open.

We do not intend to convey to officers of the different counties of the State of Indiana that this holding permits them unreasonable time in which to fill a vacancy when there is one created in a public office. The vacancy should be filled as quickly as possible by a competent and qualified person and the office should not be permitted to go begging for proper authority while others in the county engage in political feuding, or deliberations at the expense, inconvenience and dismay of the taxpayers.

In the case at bar this court takes judicial notice of the salaries of County Surveyors and the requirements of them to fulfill the duties of the office and qualify for the same and that it is difficult to find qualified men who will accept these jobs. Therefore, the two months period may not be, and in

our opinion, was not, an excessive length of time in which to be without a duly appointed and qualified surveyor in the office.

The next question to be considered is whether the failure of an officeholder to sign a claim for the services of another will necessarily make that claim fail. IC 1971, 17-3-73-4, Ind. Stat. Ann. § 49-1121 (Burns 1964) specifically provides:

> "All claims for the payment of such salaries and wages must be filed pursuant to the provisions of the Acts of 1897, chapter 123, section 4 [§ 26-806], . . ."

wherein it is provided:

> "26-806. Claims must be itemized and verified.—No claim shall be allowed by the board of commissioners of any county in this state unless such claim, duly itemized and verified by the claimant, or some one in his behalf, shall have been filed in the auditor's office of the proper county, . . ."

Then, too, IC 1971, 17-3-73-4 Ind. Stat. Ann. § 49-1122 (Burns 1964) defines an employee as used herein to mean an elected official, deputy officer, member of any board, commission or other unit of government of any county or the employee or appointed official of any of them.

IC 1971, 17-2-1-1, Ind. Stat. Ann. § 26-805 and § 26-807 (Burns 1970) provides that any person or corporation who shall have a legal claim against any county shall file with the county auditor who shall present the same to the Board of Commissioners. The Board shall examine the merits of the claim and may, in their discretion, allow such claim in whole or in part as they may find it to be just and owing.

IC 1971, 5-11-10-1, Ind. Stat. Ann. § 61-116 (Burns 1971 Supp.) reads, in part, as follows:

> "No warrant or check shall be drawn by a disbursing officer of the state or any of its political subdivisions . . . in payment of any claim unless the same has been fully itemized and its correctness properly certified to by the

claimant or some authorized person in his behalf and filed and allowed as now provided by law. . . ."

Defendant-appellant contends that Mr. Cummings could not sign his own claim. We are of the opinion that the fact that he was appointed in a ministerial capacity to maintain the office and keep it open as directed by the County Commissioners made him the director of the Surveyor's office and responsible for its maintenance and a limited operation. Under this authority, we are of the opinion that he had the right to sign his own voucher for his salary. In the event it were proper then the County Commissioners could allow the claim for him as they had employed him and then direct and order the Auditor to pay the claim in full, provided the claim had been properly advertised before the Commissioners were called upon to pass on it. Any other ruling would be, in our opinion, inconsistent with sound thinking and with equity and with the desire of all the citizenry of Indiana that all business of the state be carried on at all times.

, IC 1971, 5-11-9-3 Ind. Stat. Ann. § 49-925 (Burns 1964) reads as follows, to-wit:

"Certification of said vouchers and accounts shall be made by the elected officer, head of the department, division, board, body, bureau, or political subdivision or by such authority or authorities in the office, department, division, board, body, bureau, or political subdivision as shall be designated by the elected officer, head of the department, division, board, body, bureau or political subdivision by rule or written direction filed with the officer authorized by law to audit such accounts and vouchers."

Counsel for appellant contended in oral argument that the Auditor had no authority to pay Cummings out of funds appropriated for payment of a Deputy Surveyor for services rendered by Cummings, as a deputy, which services were rendered after the death of the Surveyor, his principal.

However, Cummings did not keep the office open after the death of the principal of his own volition but kept it open

at the instance and request of the County Commissioners. As such he was acting as an employee of the county and charged with the management and the keeping open of the office of County Surveyor.

In our opinion, Cummings was rendering a service to the county at its request and for which he should be paid a salary commensurate with the salary paid to him as Deputy Surveyor.

We have heretofore held that Cummings was not a Deputy Surveyor after the death of his principal. In answer to appellant's argument that the Auditor had no authority to pay Cummings out of funds appropriated for payment of a deputy surveyor, we have come to the conclusion that the Auditor could have made payment from such appropriation, as it would have been paid to an employee in the Surveyor's office and from funds appropriated for the purpose of paying employees in the Surveyor's office.

We are of the further opinion that had the Auditor been fearful of drawing the warrant for the payment of Mr. Cummings' salary and that he might have subsequently been forced to repay that amount from his own funds to reimburse the county because of wrongful payment he could have called in the County Council or a majority of the County Council could have requested the Auditor to call a special meeting of that body which special session could have been held after the Auditor had given notice as required by statute. IC 17-1-24-6 Ind. Stat. Ann. § 26-507 (Burns 1970).

The County Council having then been duly called into special session could have made an additional appropriation in the amount of the wages or salary due Mr. Cummings which the Auditor could have drawn his warrant for payment and the County Council could have reduced the appropriation for a deputy in an amount sufficient to match, or equal, that requested to pay the claim for wages due to him from the general fund. IC 17-1-24-20 Ind. Stat. Ann. § 26-521 (Burns 1970).

The law does not require the doing of a useless thing and, in our opinion, the latter method would have been not only useless but a waste of taxpayers' money in bringing the County Council into a special session for this purpose.

However, this procedure, which is statutory, would have eliminated any fear or worry on the part of the Auditor of his incurring personal liability for drawing his warrant, as such Auditor, on the Treasury of Jackson County, Indiana, for the payment of a claim which was not owed and should not have been paid.

This court is of the further opinion that all offices should be open on every business day as prescribed by law for the benefit of the general public and those needing to use the facilities of those offices. The logic for this reasoning may be set out by a certain example, such as that the Recorder of a county in Indiana might die and if there was no one to keep the office open the following day or days in which it was closed, one of the days the office was closed might be the last day on which a lien could be filed. Such being the case great injury and damage might result to the lienholder. The Clerk's office might be closed because of the death of the Clerk, if we followed the thinking and contention of defendant-appellant and the office was closed immediately after the death of the Clerk for a number of days, it might be that the last day to get a law suit on file would expire during that time and the statute of limitations would run and the aggrieved party would lose his day in court. Another example and reason for our thinking is the Clerk of this Court, wherein if that office were closed because of the death of the duly elected and qualified Clerk, the deputy or some other duly authorized person could not maintain the office and keep it open and as a de facto clerk accept transcripts, briefs, petitions for extensions of time and other filings, then it can readily be seen and understood how the failure to have that office open would terminate somebody's

day in court, would create great confusion and would be unjust and unconscionable.

For the reasons hereinabove assigned, the judgment of the trial court is hereby in all things affirmed.

Robertson, P.J., Lybrook, J., concur.

NOTE.—Reported in 278 N. E. 2d 285.