No. 26652

Henry John Olshaw v. Mary Estill Buchanan, Secretary of
State for the State of Colorado and The State of Colorado
(527 P.2d 545)

Decided October 23, 1974.

Gemma & Lichtenfels, for petitioner-appellee.

John P. Moore, Attorney General, John E. Bush, Deputy, Louis L. Kelley, First Assistant, Charles M. Elliott, Assistant, for respondents-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal raises the question of whether petitioner-appellee Henry John Olshaw shall be permitted to appear on the November 5th General Election ballot as an independent candidate for the office of United States Senator.

The sufficiency of his petition was challenged by timely filing of written objections with the Secretary of State by one Tom Petcoff. Deputy Secretary of State Grady conducted a hearing on the objections and rendered an oral ruling, holding 52 signatures on the petition to be invalid. Later written findings of fact and conclusions of law, made by the Deputy and approved by the Secretary of State, found Olshaw ineligible to participate in the coming General Election. Pursuant to Colo. Sess. Laws 1973, ch. 167,

49-6-12 at 583, the Denver district court after hearing (*See Leighton v. Bates,* 24 Colo. 303, 50 P. 856 and 858) entered judgment reversing the Secretary of State.

Under Colo. Sess. Laws 1973, ch. 167, 49-6-12 at 583, we accepted this appeal, deeming it advisable that review in this court should be entertained where the controverted trial court ruling goes to the duties of the Secretary of State and the methods of procedure in these election contests.

I.

The statute provides that the petitions or certificates of nomination shall be filed in the office of the Secretary of State when it involves elections to state-wide office or to Congress. The statute then in pertinent part provides:

"* * * The officer with whom the original certificate or petition is filed shall pass upon the validity of all objections, whether of form or substance, and his decision upon matters of form shall be final. His decisions upon matters of substance shall be open to review, * * *." Colo. Sess. Laws 1973, ch. 167, 49-6-12 at 583.

It developed from the testimony of the Deputy Secretary of State in the district court that he had heard the testimony of the witnesses and had accepted an affidavit concerning a search of the election rolls, which revealed that 52 signatories were not eligible to sign the rolls. He later discussed the matter with the Secretary of State, giving her an oral summary of the evidence. The Secretary of State did not have the transcript of the proceedings, did not examine the affidavit, nor did she see the list of names. After the informal discussion, the Secretary of State verbally acquiesced in what her Deputy had done. The next day he prepared formal findings of fact and conclusions of law which the Secretary of State approved.

II.

The trial court ruled that the officer to "pass upon the validity of all objections" is the Secretary of State, and that such language vests in that officer alone the decision-making power. The court held that *Big Top, Incorporated v. Hoffman,* 156 Colo. 362, 399 P.2d 249 (1965), is dispositive of the issue here.

In *Big Top* the Deputy Manager of Safety conducted a hearing. The Manager himself, in making the decision, did not read the evidence. He ruled entirely upon a discussion with the hearing officer, and from a synopsis of the evidence related by the Deputy. We held in *Big Top* that "[a] fair hearing in accordance with due process requires, as a minimum, that the administrative officer who decides — but does not personally hear the evidence — must read and consider the evidence adduced in his absence." *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1935).

We do not agree that *Big Top* is dispositive of this case, dealing as it does with the Denver Manager and his duties. While we hold the trial court was wrong in ruling that the decision making power is vested solely in the Secretary of State, we nevertheless affirm the trial court albeit for a different reason.

There is a special statute with reference to appointment of the Deputy Secretary of State. It reads:

"The secretary of state may appoint a deputy to act for him whenever he may deem it necessary, *who shall have full authority to act in all things relating to the office*. The secretary shall be responsible for all acts of such deputy." (Emphasis added.) C.R.S. 1963, 132-2-5.

This statute does give the power to the Secretary of State to delegate full authority to act in her stead. But in our reading of the record in this case, we believe that it demonstrates that only partial delegation was transferred to the Deputy. The evidence was that the Secretary of State scheduled seven hearings on the date in question. Because of a previous speaking engagement the Secretary was out of town, and designated the Deputy Secretary *"to take the morning hearings which had been scheduled."* The Deputy stated that when the Secretary arrived back in the office, she sat down and asked him what had gone on in the morning hearings, and he went over each one with her. This shows that the Secretary retained to herself the right to participate in the decision which she stated she agreed with.

Since the Secretary appeared to retain to herself

participation in the final decision, she should have followed the rule in *Big Top*. Either the Deputy has full authority or the Secretary has in a given case, but not both. This is, of course, to prevent the possibility of simultaneous but conflicting opinions by the Secretary and Deputy agent on the same questions.

### III.

Accordingly, we hold that the judgment of the trial court is affirmed. The cause is remanded to the office of the Secretary of State with directions to place the name of Henry John Olshaw on the ballot.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES dissent.

MR. JUSTICE KELLEY dissenting:

I respectfully dissent to the ruling that the Secretary of State did not effectively delegate authority to the Deputy Secretary of State to conduct the hearing and make the decision.

Frank J. Grady, Deputy Secretary of State, was the sole witness before the trial court. He testified, as indicated in the majority opinion, that because of the necessity for the Secretary to be away, "she asked that I take the morning hearings which we had scheduled." That is a delegation to conduct the hearings.

Grady did conduct the hearing. He further testified:

". . . that the objector submitted evidence that 55 of those signatures were not valid for the reasons as has come out in this hearing, *and therefore, I had ruled* — I had sustained the objection and refused to have Mr. Olshaw's name placed on the ballot."

The Secretary of State, after returning to the office, received a report of her deputy's action and said she agreed with him. He formalized his findings and ruling, executed the document and she approved in writing what he had done.

Conducting the hearing requires the making of rulings on evidence. Those rulings in this case of necessity dictated the final decision. It follows, therefore, that the authority to

conduct the hearing carried with it the authority to make the ultimate decision.

To me the authority delegated to the deputy was properly executed and constituted the legal action of the Secretary of State.

MR. JUSTICE GROVES has authorized me to say that he joins in this dissent.