**Wilbert Jessie HARRIS,
Plaintiff-Appellant,**

v.

**Alan N. CHARNES, Director of the Department of Revenue and Motor Vehicle Division, State of Colorado, Defendant–Appellee.**

No. 80CA0259.

Colorado Court of Appeals,
Div. I.

Aug. 14, 1980.

Weltzer & Worstell, Louis A. Weltzer, David L. Worstell, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary C. Snow, Asst. Atty. Gen., Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff appeals a judgment affirming the decision by the Department of Revenue's Motor Vehicle Division to suspend his driver's license for failure to submit to a blood, urine, or breath test as required by § 42–4–1202, C.R.S.1973 (1979 Cum.Supp.). We affirm the judgment.

The principal allegation of error submitted by the plaintiff is that the proceedings leading to his conviction were conducted by two different hearing officers. At the conclusion of the initial hearing, the hearing officer found, upon sufficient evidence, that the police officer had reasonable grounds to believe that defendant had been driving under the influence of, or was affected by, alcohol. He reserved ruling on the advisement under the implied consent law, and continued the matter to permit defendant to procure an additional witness. Because the first hearing officer was hospi-

talized at the time further proceedings were scheduled, a second hearing officer was assigned to hear the remainder of the case.

The second hearing officer took testimony regarding the advisement, and, after reviewing the record as to the first hearing, reaffirmed the findings of the first hearing officer as to the reasonable grounds for requesting the test and further found (1) that the defendant was fully advised as to the implied consent law and had thereafter refused all chemical tests; and (2) that there was no evidence of a medical nature presented to warrant refusal of the chemical test on statutory grounds.

The procedure used in this case satisfies both statutory requirements and due process. *Big Top, Inc. v. Hoffman*, 156 Colo. 362, 399 P.2d 249 (1965); § 24–4–105(3), C.R.S.1973; see *King's Mill Homeowners Ass'n, Inc. v. Westminster*, 192 Colo. 305, 557 P.2d 1186 (1976); and *Olshaw v. Buchanan*, 186 Colo. 362, 527 P.2d 545 (1974).

Plaintiff relies upon *Colorado State Board of Nurse Examiners v. Hohu*, 129 Colo. 195, 268 P.2d 401 (1954). That case is inapposite because it involved a violation by the Board of statutory requirements relating to the revocation of a nursing license. That element is not present in the case before us because § 24–4–105(3), C.R.S.1973, specifically provides for the substitution of hearing officers.

We have reviewed the other allegations presented by plaintiff and find them to be without merit.

Judgment affirmed.

COYTE and RULAND, JJ., concur.