Question Presented and Conclusion Question: May Colorado's Deputy Treasurer, at the discretion of Colorado's Treasurer, assume all legal responsibilities of the Treasurer?
Answer: Yes. Unless altered in the future by statute or otherwise, Colorado's Deputy Treasurer may act on behalf of the Treasurer in all matters, in the discretion of and as designated by the Treasurer.
 Discussion
Colorado's Treasurer has been authorized to appoint a Deputy Treasurer since 1891, and has therefore had that power for more than 110 years. S.B. 8, 8th Leg. Sess. (Colo. 1891) (codified at Colo. Rev. Stat. § 2562 (1908)).[1] Statutory language concerning the existence of the Deputy Treasurer position has remained unchanged since the position was first established. Nevertheless, though the Treasurer's authority to appoint a deputy has existed for more than 110 years, Colorado's statutes have never contained language that specifically authorizes the Treasurer to delegate some or all of the Treasurer's authority to the Deputy Treasurer.
Deputies appointed by other Colorado statewide elected officials enjoy more specific statutory delegations of authority than the Deputy Treasurer. For example, the deputy appointed by Colorado's Secretary of State has "full authority to act in all things relating to the office." § 24-21-105, C.R.S. (2004); See Olshaw v. Buchanan, 186 Colo. 362,527 P.2d 545 (1974) (delegation of authority not found in the circumstances presented). The same is true of the deputy appointed by the Colorado Attorney General. § 24-31-103, C.R.S. (2004). (Deputy Attorney General "shall have authority to act for the attorney general in all matters [except state constitutional duties].") Yet, I conclude that a comparison of the Deputy Treasurer provisions with these statutory provisions does not persuasively limit the role of the Treasurer's deputy. This is because these various provisions have divergent legislative histories.[2]
The Treasurer's statutory power to appoint a Deputy Treasurer flows from § 24-9-103, C.R.S. (2004). This provision declares that "[t]he . . . state Treasurer [is] hereby authorized to appoint [the Treasurer's] own deput[y]." The appointment of a Deputy Treasurer is further codified at § 24-36-102(2), C.R.S. (2004). This provision states, in part, "[e]mployees of the treasury department shall be appointed pursuant to the provisions of section 24-2-102, except for one deputy permitted by law, who shall be appointed by the state Treasurer."
Neither of the appointment provisions just quoted directly answers the question posed in this opinion: is there a limit on the scope of the Deputy's Treasurer's authorization to act when properly delegated authority from the Treasurer? It therefore is appropriate to examine more general authorities for guidance. People v. Thoro Products Company, Inc.,70 P.3d 1188, 1194 (Colo. 2003) (courts frequently look to the dictionary to ascertain the meaning of undefined words in a statute). Black's LawDictionary defines a deputy as "[a] person appointed or delegated to act as a substitute for another, esp. for an official." Another general authority, Webster's Dictionary, provides that a deputy is "[a] person appointed, nominated or elected as a substitute for another and empowered to act for him, in his name or in his behalf." Webster's Third New International Dictionary (Unabridged) (1963). These common understandings are important because, when interpreting the Deputy Treasurer statutes, the words of the statutes must be given their commonly accepted and understood meaning. People v. Martinez, 70 P.3d 474, 477 (Colo. 2003);Colo. Dep't of Revenue v. Garner, 66 P.3d 106, 109 (Colo. 2003).
Colorado's Constitution recognizes in general the unique role of a deputy to an elected State official. For 85 years, Colorado's personnel system has exempted these deputies. Colo. Sess. Laws p. 341 (codified at Colo. Const. art XII, § 13). The purposes of Colorado's personnel system are to protect state employees from arbitrary and capricious political action, to insure employment during good behavior, and to promote efficiency in the personnel system. Coopersmith v. City County ofDenver, 156 Colo. 469, 399 P.2d 943 (1965); Roberts v. People ex rel.Dunbar, 81 Colo. 338, 255 P. 461 (1927); Shinn v. People ex rel. Rush,59 Colo. 509, 149 P. 623 (1915). The fact that deputies do not share these protections implies that a deputy's service ordinarily coincides with the appointing elected official's term of service, and that the elected official has the power to appoint and dismiss a deputy at will. These facts support the inference that a deputy to an elected official in Colorado is an alter ego of that elected official.
Research has uncovered no Colorado case law addressing these issues in the context of the statutes concerning the Deputy Treasurer. Nevertheless, other states have applied the same commonly accepted and understood meaning of the word "deputy" as reflected in the dictionaries that are quoted above. In Appeals of Port Murray Dairy Co.,6 N.J. Super. 285, 294, 71 A.2d 208, 212 (1950), the Director of the Office of Milk Industry issued a notice of hearing to consider measures to stabilize and assure orderly marketing, proposals to effectuate a more level production of milk, and prices to be paid to producers of milk. However, at the time of the hearing the Director was ill and could not attend, and so the Deputy Director attended the hearing in his place. Appellants questioned the Deputy's authority to preside over this legislative-type hearing. Similar to Colorado's situation, the Director had statutory authority to appoint a deputy director, but the statute did not define the deputy's duties or authority. Id. (citing N.J. Stat. Ann. § 4:12A-4 (1941)). The New Jersey court found that the word "deputy" has a well-known meaning, as one who is appointed to act for another or in another's right and who is usually invested with the powers and authority of his principal. The Court concluded the legislature's choice of this term gave by implication to the Director the power to conduct the hearing through the agency of his deputy. Id.
The Supreme Court of North Carolina reached a similar conclusion regarding the statutory meaning of "deputy." In Blake v. Allen,20 S.E.2d 552 (1942), a deputy sheriff delegated authority to a county employee to drive to another state to obtain a prisoner for the sheriff. The Court concluded that the position of a deputy is that of a subordinate who has power to do every act which his principal may do. The Court found that a deputy is one who by appointment exercises an office in another's name, and his directives carry force equal to those of the officer himself. However, the Court found that a deputy cannot lawfully devolve the duties delegated to him upon another unless expressly authorized to do so. Id.
Other states have also reached the same result. Tennessee courts have held that the general rule is that a deputy may discharge all duties of the principal office when a statute provides for the appointment of deputies. Pack v. Royal-Globe, 224 Tenn. 452, 472, 457 S.W.2d 19, 27
(1970); Southern Ry. Co. v. Hamilton County, 24 Tenn. App. 32,138 S.W.2d 770 (Tenn.App. 1939). Minnesota, Kentucky, Michigan and Florida reach the same conclusion. State ex rel. Sawyer v. Mangi,231 Minn. 457, 43 N.W. 775 (1950); Mullins v. Commonwealth, 294 Ky. 593,172 S.W. 2d 211 (1943); Dosker v. Andrus, 342 Mich. 548, 70 N.W.2d 765
(1955); Williams v. Ferrentino, 199 So.2d 504 (Fla. 1967).
Under the authorities from other states, a deputy's power derives from the authority of his or her principal. For this reason, the deputy's role continues only while the principal is in office. Styers v. ForsythCounty, 212 N.C. 558, 194 S.E. 305 (N.C. 1937); Hord v. State, 79 N.E. 916,922 (Ind. 1907); Roberts v. Indiana ex rel. Jackson County Bd. ofComm'rs, 151 Ind. App. 83, 87, 278 N.E.2d 285, 289 (1972).
Finally, in the reported cases the role of a deputy takes on the characteristics of the role of his or her principal. For instance, if the principal is considered by statute to be an officer, then the deputy is also considered to be an officer. Styers v. Forsyth County, 212 N.C. 558,194 S.E. 305, 307 (N.C. 1937); Southern Ry. Co. v. Hamilton County, 138 S.W.2d. 770, 771 (1939). In Styers, the North Carolina Supreme Court noted that a deputy is the representative of the principal, and that the principal is liable for the acts of the deputy as if the acts had been done by the principal. The principal's liability for his or her deputy's actions is not based upon respondeat superior because the deputy is not an employee, but rather acts as the principal. Styers,194 S.E. at 309.
 Conclusion
Based on the principles of statutory interpretation and the legal authorities above, I conclude that these authorities establish in Colorado the commonly accepted and understood role of a deputy to an elected State official when an authorizing statute is otherwise silent. Absent a statutory or other legal limitation, a deputy to a statewide elected official is one who is appointed to act in all matters on behalf of the elected official, as designated by that elected official. Thus, unless changed by statute or otherwise in the future, I conclude that the Deputy Treasurer may act in all matters on behalf of the Treasurer, as and when the Deputy Treasurer is authorized to do so by the Treasurer.
Issued this 6th day of December, 2004.

 ______________________________
 KEN SALAZAR
 Colorado Attorney General
 ALAN J. GILBERT
 Solicitor General
 MELODY MIRBABA
 Assistant Attorney General

[1] The discussion in this opinion is based upon a comprehensive review of the history of the Deputy Treasurer's statutory role. Among the materials reviewed were Colorado Session Laws dating back to 1891, legislative journals, an index of 1918 correspondence from the Governor concerning the Treasurer, Denver Post newspaper articles in 1918 regarding the Civil Service Amendment to the Constitution, a 1900 Denver Civil Service Commission Annual Report found at the Colorado History Museum Library, the formal opinions of the Attorney General, and a Committee on Personnel Report to the General Assembly written in 1972, Research Publication No. 199.
[2] For both the Secretary of State and the Attorney General, the legislature specifically defined the deputy's role. It did not do the same for the Deputy Treasurer. The Deputy Attorney General's role has essentially remained the same since 1905. S.B. 67, 22nd Leg. Sess. (Colo. 1905) 9 (codified at Colo. Rev. Stat. § 2563 (1908). The Deputy Secretary of State's role has also been consistent. These differences are substantial, as they show the legislature's clear intent to define Deputy Secretary of State and Deputy Attorney General's roles, while leaving the Deputy Treasurer's role undefined. [Also, the Colorado Supreme Court has decided issues directly related to the Deputy Secretary of State and Deputy Attorney General's roles. See Olshaw v. Buchanan, 186 Colo. 362,527 P.2d 545 (Colo. 974) (in order for Deputy to have authority, Secretary of State must relinquish all authority on a given matter to the Deputy, otherwise the delegation is improper); People v. Corr, 682 P.2d 20,30 (Colo. 1984) (Attorney General or his designee may not delegate full grand jury subpoena power upon police officers)].