No. 20563.

Big Top, Incorporated, *v.* Daniel S. Hoffman, Manager of Safety and Excise of the City and County of Denver, State of Colorado.
(399 P.2d 249)

Decided February 15, 1965.

PHELPS, HALL and SMEDLEY, for plaintiff in error.

MAX P. ZALL, City Attorney, FRANCIS W. BROWN, Deputy, THOMAS A. GILLIAM, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

BIG TOP, INCORPORATED, applied to John M. Schooley, Manager of Safety and Excise of the City and County of Denver, for a license to sell 3.2 beer. After hearing, its application was denied because, professedly, the reasonable requirements of the neighborhood to be served appeared to be adequately provided for.

Dissatisfied with the decision of the Manager, Big Top filed review proceedings in the district court in accordance with C.R.S. '53, 75-1-7, on May 25, 1962. There, after a review of the record, judgment was entered in which the findings and determination of the Manager were approved and confirmed. The trial court made unnecessary the filing of a motion for rehearing.

Thereafter, Big Top brought the case here on writ of error. In due time, Daniel S. Hoffman was substituted as defendant in error for John M. Schooley, the former having succeeded the latter to the office of Manager.

An administrative hearing had been conducted by William P. Sullivan, Deputy Manager of Safety and Excise. At its conclusion, Schooley and Sullivan conferred with each other, after which, without reading the evidence presented before Sullivan, Schooley made findings and his decision adverse to Big Top.

From the record it appears that the transcript of the proceedings before Sullivan was certified by the shorthand reporter on July 24, 1962, one month after Big Top filed its proceedings in the district court. Schooley filed his return in the district court on July 31, 1962, and in it attempted to justify his denial of Big Top's application on the ground that he subsequently read the transcript and that by reason thereof became satisfied with his findings and decision and therefore ratified the same.

The only asserted error we need consider relates to

the disposition by Schooley of the application for a license without having first read a transcript of the proceedings before Sullivan. Our resolution of whether Schooley acted properly in this respect makes unnecessary a determination of other questions presented by this review.

██ It is basic that one who decides without hearing an administrative matter should at least read and consider the evidence not taken in his presence. *Morgan v. United States,* 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. A fair hearing in accordance with due process requires, as a minimum, that the administrative officer who decides—but does not personally hear the evidence—must read and consider the evidence adduced in his absence. *Cooper v. State Board of Medical Examiners,* 35 Cal. (2d) 242, 217 P.2d 630, 18 A.L.R. (2d) 593.

█ It comes too late for an administrative officer to read for the first time the record in the case, and thereupon ratify that which he previously formally found and determined, when such findings and determination were *then* the subject of review proceedings in the district court. *Colorado Anti-Discrimination Commission v. Continental Air Lines, Inc.,* 143 Colo. 590, 355 P.2d 83.

██ C.R.S. '53, 75-1-7, provides for the issuance of licenses in a city and county such as Denver by a local licensing authority. C.R.S. '53, 75-1-5, directs such local licensing authority to evaluate "the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise."

██ It is the duty of the Manager, as the local licensing authority, to exercise his discretion on the basis of all of the evidence adduced at the hearing on the application, and not from a synopsis of the hearing officer. A determination confirming such synoptic report of the hearing officer would, in fact, be such officer's determination and not that of the Manager. *Weekes v. O'Connell,*

304 N.Y. 259, 107 N.E.2d 290; *O'Dea's Bar & Rest., Inc., v. N.Y. State Liquor Authority,* 201 N.Y.S.2d 340. See *Colorado State Board of Nurse Examiners v. Hohu,* 129 Colo. 195, 268 P.2d 401.

█ The Manager's findings and determination made under the circumstances appearing in this case are ineffectual. Made in the manner in which they were requires a reversal, with directions to the trial court to remand the proceedings to the Manager, who shall read the complete record and then make proper findings and his decision.

The judgment is reversed and further proceedings should be had in the manner herein outlined.

MR. JUSTICE MOORE and MR. JUSTICE SCHAUER not participating.