Per Curiam.
 

 In this case the Federal Trade Commission entered a cease-and-desist order prohibiting Texaco, Inc., and the B. F. Goodrich Company from participating in any sales-commission program for the distribution of tires, batteries and accessories. The Court of Appeals set the order aside and remanded to the Commission with instructions to dismiss the complaint. The court held, first, that Chairman Dixon was disqualified from participating in the decision
 
 *754
 
 because he had indicated in a speech made while the case was pending that he had prejudged it. The majority of the court held, further, that the Commission’s order was not supported by substantial evidence on the record as a whole. Although it recognized that under these circumstances a remand would ordinarily be called for, the court concluded that because of the delays that had existed throughout the litigation the complaint should be dismissed.
 

 The United States does not seek review of the ruling that Chairman Dixon was disqualified from participating in this case. We therefore venture no opinion as to the correctness of that conclusion. The petition for writ of certiorari is granted. The judgment of the United States Court of Appeals for the District of Columbia Circuit is vacated and the case is remanded with instructions to remand it immediately to the Federal Trade Commission for further proceedings, without the participation of Chairman Dixon, in light of
 
 Atlantic Refining Co.
 
 v.
 
 Federal Trade Comm’n, ante,
 
 p. 357. The judgment shall issue forthwith.
 

 Vacated and remanded.
 

 Mr.' Justice Goldberg would vacate the judgment of the Court of Appeals and remand the case for reconsideration by the Federal Trade Commission, without the participation of Chairman Dixon, in accordance with the views expressed in Mr. Justice Goldberg’s dissenting opinion in
 
 Atlantic Refining Co.
 
 v.
 
 Federal Trade Comm’n, ante,
 
 at 382.
 

 Mr. Justice Harlan and Mr. Justice Stewart would affirm the judgment of the Court of Appeals for the reasons stated in Mr. Justice Stewart’s dissenting opinion in
 
 Atlantic Refining Co.
 
 v.
 
 Federal Trade Comm’n, ante,
 
 at 377.