STATE COMPENSATION INSURANCE FUND, Petitioner,

v.

Deloris F. FULKERSON, John Owen & Marilyn Owen d/b/a the Cleaners, the Industrial Commission of the State of Colorado, Charles McGrath, Director of Division of Labor, Respondents.

No. 83CA0530.

Colorado Court of Appeals, Div. II.

Feb. 9, 1984.

Rehearing Denied March 15, 1984.

William J. Baum, DeMoulin, Anderson, Campbell & Laugesen, P.C., Thomas M. Schrant, Denver, for petitioner.

Carol Van Pelt, Lakewood, for respondent Deloris F. Fulkerson.

No appearance for respondents John and Marilyn Owen.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Industrial Commission of Colorado and Charles McGrath, Director of Division of Labor.

BERMAN, Judge.

The State Compensation Insurance Fund (Fund) seeks review of a final order of the

Industrial Commission holding that The Cleaners (employer) was insured by the Fund when Deloris Fulkerson (claimant) suffered a work-related injury. The Fund contends that the order was erroneous because the referee who made the findings of fact did not attend the hearing or read a transcript. We set the order aside.

The employer applied to the Fund for workmen's compensation insurance on May 14, 1981. By letter of May 20, the Fund stated that the premium would be $836, and that the coverage would be effective May 15 if payment was received within 20 days. The letter further stated that if payment was not received by June 9, the policy would be effective the day after payment was received.

On June 9, Marilyn Owen, a partner in the employer, telephoned an underwriter for the Fund. Owen asked the underwriter why the premium was so high, and it was discovered that the employer had incorrectly completed the application.

According to Owen's testimony, the underwriter stated that a new application was necessary and would be mailed to the employer. Owen further stated that the underwriter "estimated" the premium at $311, and made no mention of a due date.

The underwriter testified that she lacked specific recall of the telephone conversation, but was certain she did not ask for a new application. The underwriter stated that she would have told Owen that a premium payment was due June 9, 1981, because it was her practice to advise policyholders of premium due dates.

On June 12, the claimant was injured, and on June 16 the employer mailed an initial payment of $104. The Fund accepted the payment, but took the position that the coverage was not effective until June 19, the day after payment was received.

The testimony, together with documentary evidence, was received at a hearing before a referee who did not enter an order.

Another referee issued an order holding that the June 9 telephone conversation constituted a new application for insurance and that coverage was effective June 10. The referee reasoned that the employer had 20 days from June 9 to pay the premium, and therefore, the June 16 payment was timely.

In her order, the referee stated that she had examined the evidence in the file as well as the first referee's notes concerning the hearing. She further stated that she had made credibility assessments and that Owen's testimony was more credible than the underwriter's concerning whether payment of premiums was discussed during the June 9 conversation.

The Commission found that the referee's findings were supported by substantial evidence and that her conclusions were legally correct. Under these circumstances, the Commission concluded that her failure to review a transcript was immaterial.

The Fund contends that it was improper for the referee to enter an order without hearing the evidence or reviewing a transcript. We agree.

In *Big Top, Inc. v. Hoffman*, 156 Colo. 362, 399 P.2d 249 (1965), our Supreme Court stated that:

> "A fair hearing, in accordance with due process requires, as a minimum, that the administrative officer who decides—but does not personally hear the evidence—must read and consider the evidence adduced in his absence."

Thus, in *Big Top, Inc.*, the court overturned the denial of a liquor license where the decision maker based his decision on the oral synopsis of the hearing officer.

██ Here, the referee was the decision maker with respect to matters of "evidentiary fact." *See* § 8–53–106(2)(b), C.R.S. (1982 Cum.Supp.) (repealed effective July 1, 1983)[1]; *R & R Well Service Co. v. Industrial Commission*, 658 P.2d 1389 (Colo.

---

1. However, we note that substantially the same      language as was in § 8–53–106(2)(b), C.R.S.

App.1983). The referee made a finding of "evidentiary fact" when she concluded that Owen's testimony concerning the June 9 conversation was more credible than the underwriter's. *See Krumback v. Industrial Commission,* 676 P.2d 1215 (Colo.App. 1983).

Since the foregoing factual determination played an important role in deciding when the coverage became effective, it was error for the referee to make the finding without procuring and reading a transcript. *Cf. Gandy v. Industrial Commission,* 680 P.2d 1281 (Colo.App.1983). Reliance on the notes of the referee who heard the testimony was no more adequate than the oral synopsis provided in *Big Top, Inc. v. Hoffman, supra.*

■ The Commission's conclusion that the transcript supported the referee's findings does not cure the defect. When a referee is faced with competent conflicting evidence, the record will support any determination that she makes. Nevertheless, she is not excused from reviewing a complete transcript before she resolves the conflict.

■ Further, we hold that it was error for the referee to prejudge the matters of evidentiary fact, upon which the entire decision turned, by reading the notes of the previous referee. We agree that "a strong conviction or crystallized point of view on questions of law and policy are not grounds for disqualification" of a referee. *American Cynamid Co. v. FTC,* 363 F.2d 757 (6th Cir.1966). However, here, as in *American Cynamid, supra,* the factfinder's formed opinions "were conclusions as to facts, and not merely an underlying philosophy or crystallized point of view on questions of law or policy." *American Cynamid, supra; see also Texaco, Inc. v. FTC,* 336 F.2d 754, 760 (D.C.Cir.1964), *va-*

*cated on other grounds,* 381 U.S. 739, 85 S.Ct. 1798, 14 L.Ed.2d 714 (1965); *Cinderella Career & Finishing Schools, Inc. v. FTC,* 425 F.2d 583 (D.C.Cir.1970).

In considering an appropriate remand in this matter, we note the principles stated in *In re Murchison,* 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1954):

"A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness .... Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way justice must satisfy the appearance of justice ...."

■ Here, in view of the referee's prejudgment of the facts without review of the actual evidence and record, a remand of this cause for review of the record and entry of findings by the same referee would promote the appearance of injustice. Further, it would be inappropriate to remand this cause to the Industrial Commission for review since, under § 8–53–106(2)(b), C.R.S. (1982 Cum.Supp.) (repealed effective July 1, 1983), it is not the function of the Commission to make findings of evidentiary fact in workmen's compensation (as distinguished from unemployment compensation) cases, but rather merely to review the hearing officer's findings of evidentiary fact. Here, since the procedure leading up to the making of the findings was constitutionally defective, there are no validly made findings for the Commission to review. Therefore, we set aside the order and remand the cause to the Commission with directions to submit the case to a

(1982 Cum.Supp.), was retained in § 8–53–111(7), C.R.S. (1983 Cum.Supp.), which states in part:

"If the findings of evidentiary fact entered by the director or hearing officer are supported by substantial evidence, they shall not be altered by the Commission."

new referee for the entry of findings based upon a new hearing.

SMITH and KELLY, JJ., concur.