Guy Y. LEGOUFFE, Petitioner,

v.

PRESTIGE HOMES, INC., Employer, Aetna Insurance Company, Insuror, and The Industrial Commission of Colorado, Respondents.

No. 83CA1151.

Colorado Court of Appeals, Div. II.

May 17, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Sept. 24, 1984.

Morrato, Bieging, Burrus & Colantuno, P.C., James J. Morrato, Englewood, for petitioner.

Tilly & Graves, P.C., Ronald O. Sylling, David M. Setter, Denver, for respondents Prestige Homes, Inc., and Aetna Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n of Colo.

BERMAN, Judge.

Arguing that remand instructions from our Supreme Court were not followed, petitioner, Guy Y. Legouffe (claimant), seeks review of the Industrial Commission's refusal to reopen this workmen's compensation proceeding. We set aside the order.

The facts surrounding the claim for benefits here at issue are adequately set forth in our previous opinion, *Legouffe v. Prestige Homes, Inc.*, 634 P.2d 1010 (Colo.App. 1981), and in our Supreme Court's previous opinion, *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983), and we need not reiterate them here. In remanding this case to the referee, the Supreme Court stated:

"The claimant in a workmen's compensation case has the burden of proving his entitlement to benefits by a preponderance of the relevant evidence .... The findings and conclusions in the referee's supplemental order, which were later adopted and affirmed by the commission, are sufficiently ambiguous to make it unclear whether the referee applied the preponderance of evidence standard .... On the basis of this record we deem it inappropriate to speculate whether the referee's order was based on the proper standards. *Rather, we find it advisable to remand the case so that the referee may evaluate his findings and conclusions in light of the guidance provided by this opinion.*

....

We return the case to the court of appeals for remand to the commission. The commission should direct the referee to apply the legal standards set forth in this opinion in making his fact findings, *with leave to reopen the proceedings* for presentation of further evidence *if deemed necessary by the referee* in order to achieve full compliance with the views expressed in this opinion." *Prestige*

*Homes, Inc. v. Legouffe, supra* (emphasis supplied).

The original referee in this case had retired before the issuance of the Supreme Court's opinion in this case, and therefore, on remand, the case was assigned to another referee. That referee found as follows:

"I have reviewed the decisions of the Industrial Commission, the Court of Appeals, the Supreme Court and the transcripts of testimony, medical reports and supporting documents in the Division of Labor's file in this matter. Based thereon *I do not find that it is necessary to take further evidence in this matter* and, therefore, [claimant's attorney's] request for presentation of evidence to 're-try the case' is denied." (emphasis supplied).

The referee's refusal to reopen was affirmed by the Industrial Commission.

We do not believe the Supreme Court intended that a second hearing officer, one who had not been present at the evidentiary hearing in question, should apply the Supreme Court's legal standards to the facts previously found by his colleague, the original hearing officer. Rather, we perceive the Supreme Court's remand instructions to have envisioned that the *original* referee would evaluate his *own* ambiguous findings and conclusions to determine whether he based them on the preponderance of the evidence standard. Nor do we believe it was the Supreme Court's intention that the second hearing officer, a stranger to the original hearing, be allowed to determine, based on his application of the law to his colleague's factual findings, whether a reopening of the proceedings was necessary to comply with the Supreme Court's remand instructions.

Therefore, for the reasons set forth in *State Compensation Insurance Fund v. Fulkerson*, 680 P.2d 1325 (Colo.App.1984), we set aside both the Industrial Commission's refusal to reopen the proceedings and the original hearing officer's findings of fact, and remand this cause to the Commission with directions to submit this case to an entirely new referee for the entry of findings and conclusions based upon a new hearing, at which all admissible evidence may be presented by the parties, whether or not such evidence was previously presented.

SMITH and VAN CISE, JJ., concur.