Mary Katherine **COVEN**, Petitioner,

v.

**INDUSTRIAL COMMISSION of the State of Colorado; Director, Department of Labor and Employment, Division of Labor, State of Colorado; State of Colorado, Division of Employment and Training and the State Compensation Insurance Fund, Respondents.**

Suzanne **SCARBOROUGH**, Petitioner,

v.

**INDUSTRIAL COMMISSION of the State of Colorado; Director, Department of Labor and Employment, Division of Labor, State of Colorado; State of Colorado, Division of Employment and Training; and the State Compensation Insurance Fund, Respondents.**

Nos. 83CA1214, 83CA1215.

Colorado Court of Appeals, Div. III.

Sept. 13, 1984.

Rehearing Denied Oct. 11, 1984.

Certiorari Denied Jan. 14, 1985.

Lawrence D. Blackman, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Dept. of Labor and Employment.

James A. May, Denver, for respondents State Compensation Ins. Fund and Colo. Div. of Employment and Training.

TURSI, Judge.

By consolidated petitions, claimants Mary Katherine Coven and Suzanne Scarborough, seek review of a final order of the Commission denying their claims for occupational disease benefits. We affirm.

While working in the same office of the Colorado Division of Employment and Training (CDET) in Longmont, Colorado, both claimants gradually developed a range of symptoms attributed by their treating physician to an "idiosyncratic" sensitivity to chemical irritants in their workplace. Claimants were hospitalized in May 1980 for testing in an environmentally controlled area. The tests revealed that Coven suffered from an unusual sensitivity to formaldehyde, natural gas, gasoline, photocopy materials, and common food contaminants. Scarborough exhibited sensitivity to formaldehyde, photocopy materials, natural gas, and, to a lesser degree, gas fumes.

A single measurement taken at the Longmont CDET office revealed a .08% concentration of formaldehyde in the air. The Longmont CDET office was subsequently closed, and both claimants transferred to the Boulder office of CDET, but neither was able to return to work because of the severity of their symptoms.

Claimants testified before the Commission that their symptoms first appeared when they were working at the Longmont

office and that their symptoms became worse during working hours and improved when they were at home. Claimants' treating physician testified that claimants suffered from total disability as a result of sensitivity to workplace chemicals and that their sensitivity was caused by their prolonged exposure to irritants in the Longmont office.

However, an expert in occupational medicine and a toxicologist each testified that, in his opinion, claimants' wide range of symptoms could not have been caused by an exposure to irritants at the Longmont office and that, in any case, there was insufficient evidence that abnormal levels of irritants were present there.

The hearing officer denied both claims, finding that claimants had failed to establish work-related disabilities by a preponderance of the evidence. Shortly thereafter, the hearing officer resigned her position. Claimants then each filed a "Motion to Assign New Hearing Officer to File and Reopen for Further Hearings" and a "Motion to Set Aside All Prior Evidentiary Proceedings in this Matter and to Reset for Hearing." Both motions were summarily denied by another hearing officer. The Industrial Commission affirmed the denial of benefits and the denial of the motions.

### I

On review, claimants first contend that the Commission erred in denying the motions to appoint a new hearing officer and to conduct additional hearings. We disagree.

Under § 8–53–106(1), C.R.S. (subsequently codified as § 8–53–111(4), C.R. S.), upon the filing of a petition for review of an order by a hearing officer:

"the referee or director may reopen the case, holding such further hearings and receiving such further evidence as he may deem necessary, following such further proceedings with a supplemental order; or amend and modify said prior order by a supplemental order; or refer the entire case to the commission."

It is thus within the discretion of the presiding hearing officer to reopen a case or refer it to the Commission. Here, since the original hearing officer made findings of facts necessary to support the denial of benefits, there was no abuse of discretion in denying the motion for additional proceedings and referring the case to the Commission. *See Keystone International, Inc. v. Gale,* 33 Colo.App. 216, 518 P.2d 296 (1973).

Claimants' reliance on *State Compensation Insurance Fund v. Fulkerson,* 680 P.2d 1325 (Colo.App.1984) for the contrary proposition is misplaced. In *Fulkerson,* we held that it was error for a hearing officer who had neither attended the hearing nor read a transcript of the hearing to enter findings of evidentiary fact dispositive of the case. This result followed from the principle enunciated in *Big Top, Inc. v. Hoffman,* 156 Colo. 362, 399 P.2d 249 (1965) that:

"A fair hearing in accordance with due process requires, as a minimum, that the administrative officer who decides—but does not personally hear the evidence— must read and consider the evidence adduced in his absence."

Section 8–53–106(1) contains no provision for a hearing on the question of reopening a case for further hearings. Rather, the decision whether to hold additional hearings is entirely within the discretion of the hearing officer or director. Accordingly, the due process standards applicable to hearings are not implicated with regard to a hearing officer's decision concerning whether to hold additional hearings or instead to refer the entire case to the Commission.

### II

Claimants contend, in addition, that the Commission erred in its determination that claimants had failed to sustain their burden of proof that they suffered from an occupational disease. We disagree.

Whether a claimant has sustained the burden of proving a disability arising

out of employment is a question of evidentiary fact, the determination of which is within the prerogative of the hearing officer. *See Savio House v. Dennis,* 665 P.2d 141 (Colo.App.1983). Findings of evidentiary fact are binding on review if supported by evidence in the record. *Prestige Homes, Inc. v. Legouffe,* 658 P.2d 850 (Colo.1983).

■ Here, while the evidence of causation was in sharp conflict, the Commission's decision was supported by expert testimony that the symptoms complained of by claimants were not caused by their employment or the conditions under which their work was performed.

Order affirmed.

KELLY and METZGER, JJ., concur.