EL PASO COUNTY SCHOOL DISTRICT NO. 11 and State Compensation Insurance Fund, Petitioners,

v.

Margaret C. BUNGER and The Industrial Commission of the State of Colorado, Respondents.

No. 85CA0511.

Colorado Court of Appeals, Div. II.

Dec. 12, 1985.

Kathleen W. Robinson, Denver, for petitioners.

Gordon F. Jorgensen, P.C., Gordon F. Jorgensen, Denver, for respondent Margaret C. Bunger.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

SMITH, Judge.

El Paso County School District No. 11 (employer) and the State Compensation Insurance Fund (Fund) seek review of a final order of the Industrial Commission which permitted Margaret Bunger (claimant) to reopen her workmen's compensation claim and awarded her permanent total disability. We set the order aside and remand for reconsideration.

Claimant, a school teacher, suffered an industrial accident on May 5, 1980. The

injury was diagnosed as a compression fracture of the seventh thoracic vertebra.

In December 1981, the Fund admitted liability for temporary total disability from May 6, 1980, to February 6, 1981, and for permanent partial disability of 5 percent as a working unit. This admission was based on the report of a physician who had examined claimant for the Fund. The report stated that claimant was totally disabled from working. However, the doctor attributed only 5 percent of the disability to the May 5 injury, with the remainder attributed to a preexisting condition, osteoporosis.

On May 18, 1982, claimant's attorney sent a letter to the Commission contesting the admission and stating that a petition to reopen would be filed. On July 29, 1982, a petition was filed alleging that claimant's condition had worsened. The petition included the report of claimant's treating physician who reported a new "early minimal compression" of the seventh vertebra. The report stated that the osteoporosis was impeding claimant's progress and that she might sustain further compression fractures in the future.

A hearing was held before a referee on January 14, 1983, concerning the petition to reopen and the degree of claimant's disability. Claimant testified that since the injury she had not been employed because of severe back pain and the fear of falling and reinjuring her back. She stated that she had not had any more accidents but that a new crack was appearing in her spinal column in the area of the seventh vertebra.

At the conclusion of the hearing, the Fund requested an additional hearing for the purpose of taking testimony from claimant's treating physician. Despite the scheduling of two hearings, that testimony was not taken. Consequently, on August 9, 1983, the Fund notified the Division of Labor of its readiness for an order.

On January 5, 1984, a second referee sent a letter to the parties stating that the case had been "re-assigned" to him. He requested that the parties "advise in writing if [he] could rely on the notes" of the former hearing officer, which were "con-tained in the Division of Labor's file." The claimant consented to this procedure but the Fund did not respond. Consequently, a second letter was mailed on April 4, 1984, advising the Fund that it had seven days to indicate its "readiness for an order on the record as it now stands and if the respondents agree that the undersigned Hearing Officer can rely on the notes" of the former hearing officer.

The Fund did not respond, and the referee subsequently entered an order on May 23, 1984. The referee, relying on the reports of claimant's physicians as well as claimant's testimony, found that her condition had worsened, that the worsening was causally related to the May 5 injury, and that claimant was permanently and totally disabled. The referee stated that he based this order on a "complete review of the file and testimony."

Thereafter, the Fund filed a petition to review. It alleged, *inter alia*, that the referee had violated principles of due process by relying on the previous referee's notes and by entering an order without reading a transcript of the January 1983 hearing. The claimant responded that the referee should "again review the entire transcript" before ruling on the petition in order to "avoid an unnecessary remand."

Subsequently, on December 17, 1984, the transcript of the January 1983 hearing was "received" by the Division of Labor. Then, on March 7, 1985, the referee referred the case to the Industrial Commission without further comment. The Commission affirmed the findings and conclusions of the referee.

Citing *State Compensation Insurance Fund v. Fulkerson*, 680 P.2d 1325 (Colo. App.1984), the Fund contends that its due process rights were violated. Specifically, it argues that the second referee entered an order without hearing or reading all of the evidence, and that he "prejudged" the facts by considering the previous referee's notes.

A.

■ We agree that the Fund's due process rights were violated when the ref-

eree entered his order without taking evidence or reading the transcript of the hearing which had been held. The clear import of *Fulkerson, supra* is that a referee in a workmen's compensation case may not make findings of evidentiary fact that are dispositive of the case without hearing or reading the evidence. *Coven v. Industrial Commission,* 694 P.2d 366 (Colo.App.1984).

Here, the second referee's findings of causality and total disability were based, in large part, on evidentiary facts derived from claimant's testimony. However, that referee could not have had first-hand knowledge of the testimony because the transcript was not prepared until several months after his order had been entered.

Claimant argues that the defect was cured because the second referee read the transcript prior to forwarding the case to the Commission. However, we reject this argument as purely conjectural. The record contains no indication by the referee, or finding by the Commission, that the transcript was, in fact, read or considered by either the referee or the commission. *Cf. Ski Depot Rentals, Inc. v. Lynch,* 714 P.2d 516 (Colo.App.1985).

### B.

■ We also agree that the second referee impermissibly prejudged the evidence by basing his decision solely on the notes made by the first referee. *State Compensation Insurance Fund v. Fulkerson, supra.* The second referee's May 1984 findings concerning claimant's testimony must have been based on those notes because no transcript of the evidence had at that time been prepared.

### C.

■ In reaching this result, we are not unmindful of the principle that due process rights may be waived. *T & T Loveland Chinchilla Ranch, Inc. v. Claimants in re Death of Bourn,* 178 Colo. 65, 495 P.2d 546 (1972). However, we do not think the Fund's failure to respond to the second referee's April 4 letter may be construed as a waiver of the rights set out above.

A waiver of due process rights must be voluntary, knowing, and intelligent. *Columbine Valley Construction Co. v. Board of Directors,* 626 P.2d 686 (Colo. 1981). Here, the referee's letter inquired whether the Fund was prepared for an order based on the record "as it now stands." The Fund may well have reasonably assumed that the referee would consider a transcript of the January 1983 hearing, since that evidence was part of the record. Under such circumstances, the Fund's failure immediately to object could hardly be termed a voluntary, knowing, and intelligent waiver of its right to have the referee read the transcript.

Similarly, the Fund might have had no objection to the second referee considering the first referee's notes, so long as a transcript was also considered.

The order is set aside and the cause is remanded to the Commission with directions to submit the case to a new referee for entry of new findings after reading the transcript and considering the entire record. Additional hearings may be held at the discretion of the Commission and/or the new referee.

VAN CISE and STERNBERG, JJ., concur.