NEC CORPORATION and HNSX
Supercomputers, Inc.,
Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
COMMERCE, et al., Defendants,

Cray Research, Inc., Defendant–
Intervenor.

Court No. 96–10–02360.

United States Court of
International Trade.

Dec. 18, 1996.

Paul, Weiss, Rifkind, Wharton, & Garrison, Robert E. Montgomery, Jr., Terence J. Fortune, Robert P. Parker, David J. Weiler, Washington, DC, for Plaintiffs.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Jeffrey M. Telep, Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC (Patrick W. Gallagher, Attorney–Advisor, International Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel), for Defendant.

Wilmer, Cutler & Pickering, John D. Greenwald, Stuart M. Weiser, Washington, DC, for Defendant–Intervenor.

## MEMORANDUM OPINION AND ORDER

POGUE, Judge:

This action is before the court on Plaintiffs' motion for a preliminary injunction. Defendant and Defendant–Intervenor oppose the motion for a preliminary injunction and Defendant has moved to dismiss Plaintiffs' complaint for lack of jurisdiction, USCIT R. 12(b)(1), and for failure to state a claim upon which relief can be granted, USCIT R. 12(b)(5).

## BACKGROUND

Plaintiffs commenced this suit to enjoin continuation of an antidumping duty investigation initiated by the United States Department of Commerce ("Commerce") in response to a petition filed by Cray Research Inc.[1] Plaintiffs complain that Commerce has impermissibly prejudged the outcome of the pending antidumping investigation involving Japanese supercomputers, and that Commerce is incapable of investigating the pending dumping case in a fair and impartial manner.

## JURISDICTION

■ Plaintiffs assert jurisdiction under 28 U.S.C. § 1581(i), "which *inter alia* grant, this court residual jurisdiction over any civil action commenced against the United States or its agencies relating to the administration and enforcement of the antidumping law with respect to the matters referred to in 28 U.S.C. § 1581(c)." *Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States,* 717 F.Supp. 847, 849 (1989).

Defendant and Defendant–Intervenor challenge Plaintiffs' assertion of jurisdiction under 28 U.S.C. § 1581(i) and argue that Plaintiffs instead have an adequate remedy under 28 U.S.C. § 1581(c) which should be exhausted prior to proceeding here. *See Miller & Co. v. United States,* 5 Fed.Cir. (T) 122, 124, 824 F.2d 961, 963 (1987).

The court has jurisdiction to hear the claim. A claim of administrative prejudgment is an action relating to the administration and enforcement of the antidumping law. Section 1581(c) does not provide an adequate remedy for such a claim. The reason is straightforward: If Plaintiffs were to pursue administrative remedies and proceed under 1581(c), they would be forced to participate in an investigation conducted by an allegedly biased decision maker who has allegedly prejudged the outcome of the case. This is a fool's errand, particularly when the judicial relief of disqualification can be granted at the outset of the investigation, rather than at the end, thus obviating the need to undo a complicated and time consuming administrative procedure, if Plaintiff should ultimately prevail. Accordingly, the court does not believe the exhaustion requirement is "appropriate"[2] for a claim of prejudgment.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, *see* USCIT R. 12(b)(5), the court, assuming "all well-pled factual allegations are true" and construing "all reasonable inferences in favor of the nonmovant," *Gould,*

---

1. The petition alleges that NEC, through HNSX and the Federal Computer Corporation (FCC), an integrator of high-performance computer systems, offered to sell four SX–4 supercomputers at less than fair value causing or threatening to cause material injury to Cray.

2. *See* 28 U.S.C. § 2637(d).

*Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991), inquires whether the complaint sets forth facts sufficient to support a claim. To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint and documents incorporated in the complaint by reference. *See Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2nd Cir.1991).

The plaintiff is not required to set out in detail the facts upon which he or she bases a claim, but only that the defendant be given "fair notice of what his claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Nor is it necessary for the particular relief requested to be available, as long as the court can ascertain that some relief is available. *Doe v. U.S. Dept. of Justice,* 753 F.2d 1092, 1103–1104 (D.C.Cir. 1985); *Lada v. Wilkie,* 250 F.2d 211, 215 (8th Cir.1957). An unlikely or remote possibility of recovery is alone not a reason to dismiss. *Bernheim v. Litt,* 79 F.3d 318, 321 (2nd Cir.1996). Dismissal is proper only "where it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Constant v. Advanced Micro–Devices, Inc.,* 848 F.2d 1560, 1565 (Fed.Cir. 1988).

## DISCUSSION

■ The law recognizes a claim for prejudgment, which, if proven, can result in disqualification of a biased decision maker. *See, e.g., Cinderella Career and Finishing Schools, Inc. v. Federal Trade Commission,* 425 F.2d 583, 591 (D.C.Cir.1970); *Texaco, Inc. v. Federal Trade Commission,* 336 F.2d 754 (D.C.Cir.1964), *vacated and remanded on other grounds,* 381 U.S. 739, 85 S.Ct. 1798, 14 L.Ed.2d 714 (1965). "The test for disqualification has been succinctly stated as being whether a disinterested observer may conclude that (the agency) has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it." ' *Cinderella,* 425 F.2d at 591 (D.C.Cir.1970)(quoting *Gilligan, Will & Co. v. SEC,* 267 F.2d 461, 469 (2d Cir.), *cert denied,* 361 U.S. 896, 80 S.Ct. 200, 4 L.Ed.2d

152 (1959)). A public position on a policy issue is not disqualifying. *See Hortonville Joint School Dist. No. 1 v. Hortonville Education Assn.,* 426 U.S. 482, 493, 96 S.Ct. 2308, 2314, 49 L.Ed.2d 1 (1976). Similarly, prior knowledge of adjudicative facts is not disqualifying, *see Hortonville,* 426 U.S. at 493, 96 S.Ct. at 2314, but an advance commitment about those facts is. *See Cinderella,* 425 F.2d 583; *Texaco,* 336 F.2d 754.

■ To make out a prejudgment claim, Plaintiffs' proof must defeat the assumption that agency decision makers are " '[persons] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.' " *Withrow v. Larkin,* 421 U.S. 35, 55, 95 S.Ct. 1456, 1468–1469, 43 L.Ed.2d 712 (1975), quoting *United States v. Morgan,* 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941).

■ In the posture of the instant motion, where the allegations of the complaint must be read as true, and all inferences construed in favor of the non-movant, the court concludes that Plaintiffs have alleged a claim for prejudgment. Specifically, Plaintiffs allege in paragraph 24 of their complaint that during meetings on the UCAR procurement, "Commerce representatives repeatedly stated that the NEC supercomputers were being offered to UCAR at less than fair value." That allegation, when taken with other allegations in the complaint, can be construed to suggest an advance commitment by Commerce Department decision makers that Plaintiffs were "dumping" the supercomputers. Therefore, Defendant's motion to dismiss must fail.

■ Defendant argues that even if Plaintiff has plead a cognizable claim of prejudgment, the case is nonetheless moot because each of the decision makers alleged to have prejudged Plaintiffs' case is no longer employed in the decision making position involved in this matter. Hence, the judicial relief of disqualification of the alleged biased decision makers has already occurred, albeit, for reasons not connected to the case. To substantiate this claim of mootness, Defendant included declarations of the pertinent officials in support of its motion to dismiss.

This material is outside the complaint, *see* USCIT R. 12(b). Accordingly, the court will consider defendant's supplemental allegations as a motion for summary judgment and will not act on that motion until Plaintiffs have had an opportunity to respond. *See* USCIT R. 7(d); *see also* USCIT R. 56.