**Brian TEPLEY, on behalf of himself, and all persons similarly situated, Plaintiff–Appellant,**

v.

**PUBLIC EMPLOYEES RETIREMENT ASSOCIATION, a body corporate and an instrumentality of the State of Colorado, Defendant–Appellee.**

No. 96CA1305.

Colorado Court of Appeals, Div. V.

Aug. 7, 1997.

Rehearing Denied Oct. 23, 1997.

Certiorari Denied May 26, 1998.

Larry F. Hobbs, P.C., Larry F. Hobbs, Denver, for Plaintiff–Appellant.

Hamilton and Faatz, Gregory W. Smith, Michael E. Gurley, Christopher J.W. Forrest, Denver, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

In this action involving a claim for disability retirement benefits, plaintiff, Brian Tepley, appeals from a judgment dismissing his claims under 42 U.S.C. § 1983 (1994) and 42 U.S.C. § 12132 (1995), the Americans with Disabilities Act (ADA), against defendant, Public Employees' Retirement Association (PERA). He also appeals from the trial court's summary judgment in favor of PERA on his claim seeking a declaratory holding that certain rules of the PERA's Board of Trustees (Board) concerning administrative review are *ultra vires*, and for an injunction requiring the Board to review his application for disability benefits pursuant to a procedurally proper process. Further, he appeals the trial court's determination, upon review pursuant to C.R.C.P. 106(a)(4), that the Board had not abused its discretion in finding that he was not permanently disabled on the date of his employment termination. We affirm in part, reverse in part, and remand for further proceedings.

Tepley was a teacher in Jefferson County schools from 1972 to 1994. In 1994, he terminated his employment, complaining of chronic depression which prevented him from performing his duties, and applied for PERA disability benefits.

During the spring and summer of 1994, Tepley was examined by his own psychiatrist and two PERA psychiatrists. Tepley's psychiatrist did not determine initially whether he was permanently disabled. However, in August 1995, she opined that Tepley had been disabled in August 1994, the date of his employment termination, and that his disability was permanent. The Board determined this 1995 diagnosis to be untimely, however, and did not consider it.

Of the two PERA psychiatrists who evaluated Tepley in 1994, one was unsure whether he was permanently disabled. The other PERA psychiatrist concluded that, although Tepley was not permanently disabled as a result of depression, he might have been disabled by gastrointestinal disorders that were a side effect of his anti-depressant medications.

Tepley was examined by his own gastroenterologist and a PERA gastroenterologist in the fall of 1994. They both determined that he was not permanently disabled from his gastrointestinal disorders. However, in the summer of 1995 a third PERA psychiatrist determined that Tepley was permanently disabled from his depression.

The Board initially denied Tepley's application on the ground that he was not permanently disabled on the date of his termination of employment. Upon his appeal, a hearing was held before a panel consisting of three Board members, and the panel recommended to the Board that his application be denied. The Board followed the panel's recommendation and again denied Tepley's application for benefits.

Although the instant action was filed as a class action, a review of the record reveals that Tepley did not file a motion to certify a class and the district court did not take any action in that regard.

## I. Administrative Review Under C.R.C.P. 106(a)(4)

Tepley first contends that the trial court erred in reviewing the Board's decision pursuant to C.R.C.P. 106(a)(4), rather than affording him *de novo* review. He asserts that a PERA rule requiring such review is *ultra vires* because the trustees have the authority to act only as fiduciaries and, therefore, cannot exercise the quasi-judicial functions required to trigger such review. We are not persuaded.

The Board is expressly required by statute to adopt and promulgate rules for the administration of PERA. Section 24–51–204(5), C.R.S. (1988 Repl.Vol. 10B). Pursuant to Public Employees' Retirement Board Rule 2.20(F)(1), 8 Code Colo. Reg. 1502–1 (Rule 2.20(F)(1)), the Board's decision following a panel's recommendation constitutes final Board action appealable under C.R.C.P. 106(a)(4).

C.R.C.P. 106(a)(4) provides in pertinent part that relief may be obtained in a district court when any governmental body or officer exercising quasi-judicial functions has ex-

ceeded its jurisdiction or abused its discretion.

The trustees of the Board are held to the standard of conduct of a fiduciary in the discharge of their functions. Section 24–51–207(1), C.R.S. (1988 Repl.Vol. 10B). However, they must act in the interest of *all* PERA members, not just disability benefit applicants. Section 24–51–207(2)(a), C.R.S. (1996 Cum.Supp.).

A fiduciary is a person having a duty, created by his or her undertaking, to act primarily for the benefit of another in matters connected with the undertaking. A fiduciary's obligations include a duty of loyalty, a duty to exercise reasonable care and skill, and a duty to deal impartially with beneficiaries. *Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152 (Colo.App.1995).

Pursuant to § 24–51–205(1), C.R.S. (1988 Repl.Vol. 10B), the Board must determine eligibility of PERA members to receive disability benefits. In this regard, the Board has the authority to require medical or psychological examinations of any member applying for disability retirement benefits. Section 24–51–702, C.R.S. (1988 Repl.Vol. 10B).

Thus, the Board is explicitly authorized by statute to require examinations of members who apply for disability benefits, to determine members' eligibility to receive such benefits, and to act in the interest of all PERA members including disability benefit applicants.

Therefore, under these circumstances, the trustees' fiduciary duty to deal impartially with its beneficiaries, i.e., all PERA members, outweighs its duty of loyalty to any particular member. Otherwise, the Board could never oppose a member's application for benefits. *See Caruso v. New York City Police Department Pension Funds,* 72 N.Y.2d 568, 535 N.Y.S.2d 349, 531 N.E.2d 1281 (1988) (while each member of pension fund's board of trustees acts in fiduciary capacity in administration of fund, authority of each member is determined by statutory scheme establishing the fund).

Accordingly, we reject Tepley's assertion that the trustees' fiduciary duties to PERA members prevent them from performing quasi-judicial functions in determining a member's eligibility for disability benefits. We conclude that Rule 2.20(F)(1) is not *ultra vires* and that the district court did not err in reviewing the Board's decision pursuant to C.R.C.P. 106(a)(4).

## II. Challenge to PERA Board's Procedures

Tepley next contends that, even if the Board may act in a quasi-judicial capacity, it used fundamentally flawed procedures which violated his right to due process when it reviewed his application for disability benefits. Specifically, he asserts that the trial court erred by rejecting his arguments that: (1) the Board considered the views of panel members made during its final review in support of their written recommendation; (2) the Board prejudged the evidence by initially denying his application and later reviewing its own denial; and (3) the Board made its final decision without having a record to review the evidentiary proceeding before the panel. We agree that the first two procedures were improper, and therefore, we conclude that the Board abused its discretion in denying Tepley's application for benefits. However, we reject Tepley's third contention.

In concluding that the first two procedures violated Tepley's right to due process, we note that no provision of Rule 2.20 is unconstitutional on its face. Rather, we hold only that the rule is unconstitutional as applied to Tepley.

Here, the initial decision to deny Tepley's application for disability retirement benefits was apparently made by the full Board, and Tepley sought reconsideration of that decision. Following its established procedure, the Board provided Tepley an evidentiary hearing before a panel consisting of three Board members. The panel made findings of fact, conclusions of law, and recommended to the full Board that Tepley's application for disability benefits be denied.

At the final step of the PERA administrative review process, Tepley was permitted 15 minutes to address the full Board to chal-

lenge the panel's recommended decision. The Board members who had served on the panel attended this review proceeding, participated in the Board's discussion, and at least two panel members explained to the full Board the basis of their recommended decision. Although the panel members abstained from the vote on the final decision by the full Board, the Board member who moved for a resolution to adopt the panel's findings, conclusions, and recommendation was a panel member. After this motion was seconded, the full Board adopted the panel's recommendation as its final decision.

When an agency acts in a quasi-judicial capacity, procedural due process requires that the agency give notice and afford an opportunity for a hearing to affected individuals. *Douglas County Board of Commissioners v. Public Utilities Commission*, 829 P.2d 1303 (Colo.1992); *Feeney v. Colorado Limited Gaming Control Commission*, 890 P.2d 173 (Colo.App.1994). Procedural due process requirements apply when benefits are a matter of statutory entitlement for persons qualified to receive them. *Anderson v. Colorado State Department of Personnel*, 756 P.2d 969 (Colo.1988). Hence, due process is mandated here since any PERA member who is found by the Board to be permanently disabled as of the date of termination of employment is entitled to receive disability retirement benefits. Section 24–51–703(1), C.R.S. (1988 Repl.Vol. 10B).

Furthermore, denial of due process by an agency in its exercise of quasi-judicial functions may serve as the basis for a determination under C.R.C.P. 106(a)(4) that the agency abused its discretion. *See Carpenter v. Civil Service Commission*, 813 P.2d 773 (Colo.App.1990).

### A.

Tepley first asserts that the Board denied him due process by considering, during its final review, the comments of panel members in support of the panel's written recommendations. We agree.

The mental processes or procedure of administrative decision makers may not generally be probed. Therefore, officials of an administrative agency cannot be compelled to testify concerning the procedure or manner in which they made their findings and rendered a decision, unless there is an allegation and clear showing of illegal action, misconduct, bias, or bad faith on the part of the decision maker. *See Gilpin County Board of Equalization v. Russell*, 941 P.2d 257 (Colo. 1997) (mental process rule bars testimony by members of county board of equalization in subsequent board of assessment appeals or district court *de novo* review proceeding); *Public Utilities Commission v. District Court*, 163 Colo. 462, 431 P.2d 773 (1967) (commissioners of Public Utilities Commission not required to respond to discovery request regarding manner in which they arrived at their decision).

The policy reasons supporting the exclusion of an administrative decision maker's testimony regarding his or her mental processes apply equally whether that witness testifies voluntarily or is compelled to testify. Accordingly, an administrative decision maker may not testify regarding the basis of his or her decision in proceedings in which the decision is being reviewed. *Gilpin County Board of Equalization v. Russell, supra.* It was therefore improper for the Board to consider arguments from the panel members as to how and why they had reached their decision.

### B.

Next, Tepley asserts that the Board denied him due process by prejudging the evidence. We agree.

While a strong conviction or crystallized point of view on questions of law and policy is not grounds for disqualification, it is error for an administrative decision maker to prejudge matters of evidentiary fact that are dispositive of the case. *State Compensation Insurance Fund v. Fulkerson*, 680 P.2d 1325 (Colo.App.1984).

Here, PERA's executive director sent Tepley a letter advising him of the Board's initial decision. The letter stated in part: "At its November 18, 1994 meeting the [PERA] Board of Trustees reviewed your application

for disability retirement. The Board did not approve your application due to insufficient medical evidence of permanent disability."

To the extent that the Board's final decision was a review by the same members of the Board who had initially denied Tepley's application, the Board improperly prejudged at least some of the evidence upon which Tepley relied. Further, if the three panel members participated in the initial Board decision to deny benefits to Tepley, they also improperly prejudged matters of evidentiary fact.

In sum, we conclude that the first two procedures violated Tepley's right to procedural due process. Thus, the trial court erred in upholding the Board's decision, and the cause must be remanded for further proceedings.

### C.

■ We reject Tepley's contention that the Board improperly made its final decision without reviewing any record of the evidentiary hearing before the panel.

■ A fair hearing in accordance with due process requires that the administrative officer who decides, but does not personally hear the evidence, must read and consider the evidence adduced in his or her absence. *Big Top, Inc. v. Hoffman,* 156 Colo. 362, 399 P.2d 249 (1965). Nevertheless, a party seeking to reverse an agency decision must provide a transcript of the administrative hearing unless the party's challenge is limited to a pure question of law. Section 24–4–105(15)(a), C.R.S. (1996 Cum.Supp.).

PERA rules require that the panel's findings, conclusions and recommendation be presented to the Board. However, PERA rules do not require that the Board be provided with a transcript or audiotape of the evidence presented to the panel. *See* Rule 2.20(F)(1).

A transcript of the hearing before the panel was not prepared until after this action was commenced in the trial court. However, Tepley was obligated to obtain a transcript of the hearing before the panel and to present it to the Board for its review. We cannot presume that the Board would have ignored

such transcript. *See Davis v. State Board of Psychologist Examiners,* 791 P.2d 1198 (Colo.App.1989). Further, Tepley may not decline to request a transcript and then assert, as a matter of law, that the Board decided his case without review of a transcript.

### III. ADA Claim

■ Tepley next contends that the trial court erred in determining that he had failed to state a claim under the ADA. We disagree.

A dismissal for failure to state a claim is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. The allegations of the complaint must be viewed in the light most favorable to the plaintiff and a court may not consider matters outside the allegations in the complaint when ruling on a motion to dismiss for failure to state a claim. *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992).

Pursuant to 42 U.S.C. § 12132, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

A claim for benefits due because of a disability is not a claim for actionable discrimination under the ADA. *McDonald v. Commonwealth of Massachusetts,* 901 F.Supp. 471 (D.Mass.1995).

Here, Tepley alleged in his complaint that PERA had discriminated against him:

by placing upon him the burden of proof regarding his disability, by using its staff counsel and resources to oppose his claim, by favoring the opinions of physicians chosen and paid by [PERA], under [PERA's] direction, by providing an administrative review only before a board of trustees which has prejudged his claim in any event and has decided it without review of the entire record.

The district court determined that Tepley had failed to allege that he was "disabled" or

that he had been denied disability benefits because of a disability. The court noted that: "[I]t would be illogical for the Plaintiff to allege that he was denied benefits due to a disability when a prerequisite of receiving such benefits is to have a specified level of disability." Further, the court concluded that Tepley's allegation of a denial of due process is not actionable under the ADA.

Following the reasoning in *McDonald,* we conclude that Tepley can prove no set of facts in support of his ADA claim that would entitle him to relief thereon. Accordingly, the district court did not err in dismissing the claim.

### IV. § 1983 Claim

Tepley next contends that the trial court erred in dismissing his claim for relief under 42 U.S.C. § 1983, which alleged that he had been deprived of property, i.e., his disability benefits entitlement, without due process of law. We agree in part.

At the outset, we note that the Board does not contend that the C.R.C.P. 106 claim merges with or renders moot the claim brought under 42 U.S.C. § 1983. *See Board of County Commissioners v. Sundheim,* 926 P.2d 545 (Colo.1996) (§ 1983 damages claim may exist separately from a C.R.C.P. 106(a)(4) action); *see also Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (overlapping state remedies are generally irrelevant to the question of the existence of a claim under 42 U.S.C. § 1983).

As noted, we review the dismissal of this claim by viewing the allegations of the complaint in the manner most favorable to the plaintiff. Dismissal is proper only if the plaintiff can prove no set of facts that would entitle him or her to relief. *Dunlap v. Colorado Springs Cablevision, Inc., supra.*

### A.

■ Tepley asserts that the trial court erred in determining that PERA is an arm of the state of Colorado and therefore is not a "person" subject to § 1983 liability. We disagree.

Only "persons" as defined by § 1983 may be sued for damages. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). States and entities deemed to be arms of the state are not "persons" for purposes of § 1983 and, thus, are not subject to suit for violations of that section. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Section 24–51–201, C.R.S. (1988 Repl.Vol. 10B) states that PERA is an instrumentality of the state. Therefore, it is not a "person" under § 1983, and thus, a claim for damages will not lie against it or its Board. *State v. Zahourek,* 935 P.2d 74 (Colo.App.1996) (University of Northern Colorado not a "person" because it is instrumentality of state). *See also Simon v. State Compensation Insurance Authority,* 903 P.2d 1139 (Colo.App. 1994) *(cert. granted* October 10, 1995) (Colorado Compensation Insurance Authority not a "person" within meaning of § 1983).

### B.

■ Tepley also asserts that, even if PERA is an arm of the state, he nonetheless stated a claim under § 1983 for injunctive relief. We agree.

Although state entities may not be sued for monetary damages arising from alleged conduct which deprives a plaintiff of his or her civil rights, they may be sued for injunctive relief. *Will v. Michigan Department of State Police, supra.*

Here, Tepley alleged that he had not been afforded a full and fair hearing before an impartial decision maker and therefore had been deprived of property without due process of law. He further asserted that PERA disability benefits are "a most valuable entitlement which cannot be taken from him without notice and a meaningful opportunity for a full and fair hearing, as mandated by the 14th Amendment to the United States Constitution." These allegations followed factual allegations, including an assertion that the Board's decision was procedurally flawed for the reasons discussed in Part II above. Tepley then requested a "prelimi-

nary and permanent injunction restoring his disability benefit entitlement."

The district court determined that the substance of the claim was for damages because Tepley was seeking a determination that he was entitled to disability benefits. Although the allegations of Tepley's complaint are unartfully stated, construing them in the manner most favorable to him, as we must, we conclude that Tepley adequately stated a claim for injunctive relief not to award him disability benefits, but to compel the Board to review his application for disability benefits pursuant to a process that was free of the procedural due process problems noted above.

Thus, we conclude that the trial court erred in determining that Tepley's § 1983 claim was barred because it sought damages.

## V. Issues on Remand

Among issues that will arise on remand is Tepley's contention that the trial court erred in denying him the opportunity to inspect the unredacted official minutes of Board meetings. We perceive no error.

Pursuant to § 24–51–204(2), C.R.S. (1988 Repl.Vol. 10B), the Board must conduct its meetings in accordance with the provisions of the Open Meetings Law. Section 24–6–402(2), C.R.S. (1996 Cum.Supp.) provides, in pertinent part, that all meetings of any state public body at which any public business is discussed or at which any formal action may be taken are public meetings open to the public at all times, that minutes thereof shall be recorded, and that such records must be open to public inspection.

However, a state public body may hold an executive session to consider matters required to be kept confidential by law. Section 24–6–402(3)(a)(III), C.R.S. (1996 Cum. Supp.). PERA is required by statute to keep confidential its members' medical records and financial information. Section 24–51–213, C.R.S. (1988 Repl.Vol. 10B).

At a hearing before the district court, PERA's attorney described the procedure the Board uses to record the minutes of its meetings: Before the Board considers applications for disability benefits it announces that it will hold an executive session and stop recording the meeting. After a discussion of each application, the Board terminates the executive session, resumes the recording of the meeting, and votes on the disability applications it has just considered. The minutes of the meetings contain a list of applicants, their diagnoses, whether their applications were approved, and the amount of benefits awarded. This information is redacted out of the public minutes.

Here, PERA offered to permit Tepley's counsel to review the unredacted minutes if he agreed to sign a confidentiality agreement. However, Tepley's counsel declined PERA's offer on the grounds that he would have been precluded from taking notes of the minutes and that it would subject him to potential claims by the disability applicants for having breached the confidentiality of their applications.

Because Tepley sought to review confidential information and Tepley's counsel declined the opportunity to review the minutes subject to a confidentiality agreement, we conclude that the trial court did not err in denying Tepley's request to review the unredacted Board minutes. *See Williams v. District Court*, 866 P.2d 908 (Colo.1993) (trial court may limit type of discovery undertaken when confidential information is sought).

Tepley also asserts that the trial court erred in denying his request for discovery in connection with five issues raised within his third claim for declaratory and injunctive relief. Tepley alleged specifically that the Board violated its statutory fiduciary duties by favoring the opinions of its own examining physicians over the opinions of disabled persons' treating physicians; by employing physicians and attorneys to advocate against the interests of its beneficiaries; and by placing upon disability benefit applicants the burden of proof. The trial court denied Tepley's request to engage in discovery to respond to the Board's motion for summary judgment on this claim. We conclude that the trial court erred in completely disallowing such discovery.

Declaratory judgment review pursuant to C.R.C.P. 57 is the appropriate procedure

where C.R.C.P. 106(a)(4) relief is unavailable because review of the record is an insufficient remedy. *Grant v. District Court,* 635 P.2d 201 (Colo.1981). In such circumstances, the plaintiff is not limited to the record, but may introduce other evidence relevant to the issues presented. *See* C.R.C.P. 57(i) and (m).

Here, Tepley has alleged that various procedures employed by the Board were improper and that certain PERA rules are *ultra vires.* Because such claims could not be established based upon record review in a C.R.C.P. 106(a)(4) proceeding, Tepley was entitled to conduct discovery with respect to these issues subject to the Board's statutory interest in maintaining the confidentiality of the financial and medical records of its members. Hence, on remand discovery should be permitted if relevant to demonstrate improper policies by PERA in addition to the due process violations discussed above.

In the exercise of its discretion, the trial court may wish to consider entering a protective order under C.R.C.P. 26(c) to protect the privacy interests of the Board and its members. *See Williams v. District Court, supra; Belle Bonfils Memorial Blood Center v. District Court,* 763 P.2d 1003 (Colo.1988) (discovery can be conditioned so that the plaintiff can obtain the needed information while preserving confidentiality interests of those about whom information is sought).

In light of this disposition, we need not address the other issues raised by Tepley.

The dismissal of Tepley's ADA claim and his claim for *de novo* review is affirmed. The dismissal of Tepley's § 1983 claim and the trial court's determination that PERA had not abused its discretion under C.R.C.P. 106(a)(4) are reversed. The cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and BRIGGS, JJ., concur.